46  871<br>53  579

ALBERT E. McKINNEY ET AL. V. E. L. HOPWOOD.

FILED JANUARY 22, 1896.    No. 5987.

**Directing Verdict:** NEGOTIABLE INSTRUMENTS: CONSIDERATION: SURETYSHIP: LIABILITY OF MARRIED WOMAN. Where the evidence in a case is such that had a finding been made thereon by the jury for plaintiff, it would have been sufficiently sustained, it is error for the court to direct a verdict for defendant.

ERROR from the district court of Buffalo county. Tried below before HOLCOMB, J.

*R. A. Moore,* for plaintiffs in error:

In the argument reference was made to the following cases: *Eckman v. Scott,* 34 Neb., 817; *Bowen v. Foss,* 28 Neb., 373; *State Savings Bank of St. Joseph v. Scott,* 10 Neb., 86; *Webb v. Hoselton,* 4 Neb., 308; *Davis v. First Nat. Bank of Cheyenne,* 5 Neb., 245; *Gregory v. Hartley,* 6 Neb., 356; *Grant v. Cropsey,* 8 Neb., 205.

*Thompson & Oldham, contra.*

HARRISON, J.

Plaintiffs commenced this action in the district court of Buffalo county to recover the amount alleged in the petition filed to be due them on a promissory note executed and delivered to them by the defendants. E. L. Hopwood, of defendants, answered and admitted the execution and de-

livery of the note to plaintiffs, and alleged further that she
so executed it as surety for her husband, and that person-
ally she did not receive any benefit from signing it, nor
was her separate property benefited thereby; that the note
was made for the amount of a judgment in favor of plaint-
iffs against her husband upon an indebtedness incurred by
him in the purchase of certain goods and merchandise of
plaintiffs, and that the transaction out of which the indebt-
edness arose and the obtaining of judgment thereon oc-
curred at a time prior to her marriage to her co-defendant.
A reply was filed by plaintiff and a trial of the issues had
to the court and a jury. At the close of the introduction
of the testimony, the trial judge, on motion of counsel for
E. L. Hopwood, instructed the jury that "Under the law
and the evidence introduced in the action the plaintiff can-
not recover against the defendant E. L. Hopwood, and
your verdict will therefore be in her favor," etc. The
jury followed the direction of the court and returned a ver-
dict in favor of Mrs. Hopwood, in accordance with which
judgment was rendered in her favor. The plaintiffs have
prosecuted error proceedings to this court.

The main contention of counsel for plaintiffs is that there
was evidence in relation to Mrs. Hopwood's signing the
note in suit and a consideration for her so doing which
should have been submitted to the jury for its deliberation,
consequently the action of the trial court in directing a
verdict for her was erroneous. It will be remembered that
the answer of Mrs. Hopwood, as we have hereinbefore
mentioned it, contained an allegation that the consideration
for the note, upon which suit was brought, was the release
of a judgment against her husband which had been recov-
ered before she became his wife. There was testimony in-
troduced which tended to prove that Mrs. Hopwood, at the
time of the execution of the note in suit, held title to cer-
tain real estate which had formerly belonged to her hus-
band, and belonged to him at the date the judgment alluded

to was rendered, and the judgment created at least an apparent lien on the property; that Mrs. Hopwood desired and was negotiating with parties for the purpose of obtaining a loan to be secured by mortgage on the real estate, and that such parties requested that a release of the judgment be secured before completing the loan, and that it was not finally closed until after the release of the judgment, which was procured by the execution and delivery of the note which is the subject of this action. If it became necessary, in order to secure the loan, that the judgment be released, and Mrs. Hopwood attached her signature to a note, the amount of which was made up of the substance of the judgment, and delivered the same to parties owning the judgment, and thereby procured the release and was thus enabled to make the loan, it was a sufficient consideration moving to her to bind her for the payment of the note. The testimony introduced in the effort to establish the connection between the giving of the note and the release of the judgment, and the necessity of the latter in effecting the loan, was somewhat inconclusive and unsatisfactory, but we think was sufficient to have sustained a finding in favor of plaintiffs had the evidence been submitted to the jury, and from its consideration it had so determined. This being true, it was error not to allow the jury to deliberate upon it, and to direct a verdict, as was done by the trial judge. It follows that the judgment must be reversed and the case remanded.

REVERSED AND REMANDED.