EMMA L. VAN ETTEN V. DELL R. EDWARDS.

FILED APRIL 10, 1896.    No. 6345.

Directing Verdict: EVIDENCE: REVIEW.   It is error to direct a verdict for the defendant, when the evidence is sufficient to warrant a finding and judgment for the plaintiff.

ERROR from the district court of Douglas county. Tried below before SCOTT, J.

*David Van Etten*, for plaintiff in error.

*McClanahan & Halligan*, contra.

NORVAL, J.

This was an action by Emma L. Van Etten against Dell R. Edwards to recover the sum of $397.77, with eight per cent interest thereon from April 9, 1890. At the close of the plaintiff's testimony the court instructed the jury to return a verdict for the defendant, which was accordingly done, and judgment was entered upon the verdict.    David Van Etten was the only person who gave evidence in the case.    He testified that he offered to sell to the defendant, through her agent, John E. Edwards, three promissory notes, aggregating the sum of

$400, given by J. Buls, dated March 17, 1887, and secured by a chattel mortgage; that Mr. Edwards said that he would look at the property securing the notes; and subsequently, on December 1, 1887, he came to Mr. Van Etten and proposed to let him have $100 on the notes, saying that he would collect the mortgage and pay Van Etten all above $115. This proposition was accepted, the $100 was paid, and the following instrument was executed by the defendant:

"OMAHA, NEB., December 1, 1887.

"I have this day bought of David Van Etten three promissory notes for one hundred and thirty-three 33-100 dols.; one hundred and thirty-three 33-100 dols., one hundred and thirty-three 33-100 dols., respectively, signed by J. Buls, and payable to Mari Kochem or order, and dated March 19, 1887, and secured by a certain chattel mortgage upon goods and chattels of said J. Buls in Sarpy Co. I hereby agree with said David Van Etten to pay him all sums of money, notes, or securities realized upon a settlement with J. Buls, or a foreclosure of said mortgage, over and above the sum of one hundred and fifteen dollars and the expenses and costs of said settlement or foreclosure, provided said settlement or foreclosure is obtained on or before the expiration of sixty days from the date of this agreement, and I hereby agree to proceed under said mortgage within fifteen days from the aforesaid date hereof.           DELL R. EDWARDS,

"By J. E. EDWARDS,

"*Her Atty. in Fact.*"

Before this action was brought the foregoing instrument was duly assigned for a valuable consideration to the plaintiff by Mr. Van Etten. Mr. Buls paid his note to the defendant without foreclosure of the mortgage, and the latter has failed and refused to account to the plaintiff for any portion thereof, although requested to do so. Mr. Van Etten further testified that the three notes signed by Buls were left with the defendant as collateral security for the loan of $100. It was at-

tempted to be shown on the witness' cross-examination that he gave a bill of sale of the notes to the defendant at the time the paper copied above was executed, but if such a bill of sale was given, it was neither established by the evidence nor introduced on the trial. It appears from the testimony that the defendant did not proceed to collect the money from Mr. Buls by foreclosure within the time specified in the contract, but on the contrary, that defendant's agent, Mr. Edwards, stated to Van Etten that he considered it better to collect the money without foreclosure, and the latter agreed to this. The answer sets up that Mr. Van Etten made certain false representations to the defendant whereby she was induced to sign the instrument already mentioned, but no proof was offered in support of such averment.

Under the evidence a verdict should have been returned for the plaintiff for the difference between the amount collected by the defendant on the three notes of Buls, with interest thereon, less $115. It follows that the court erred in directing a verdict for the defendant, and for which error the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.