CITIZENS STATE BANK OF WOOD RIVER v. THOMAS J. SMOUT
ET AL.

FILED JUNE 19, 1901.   No. 9,845.

Commissioner's opinion, Department No. 1.

1. **Married Woman**: COMMON LAW DISABILITY TO CONTRACT IN FORCE, EXCEPT WHERE STATUTE ABROGATES. The common law disability of a married woman to contract is in force in this state, except as abrogated by statute. *Grand Island Banking Co. v. Wright*, 53 Nebr., 574.

2. **Married Woman**: CONTRACTS: SEPARATE PROPERTY, TRADE OR BUSINESS. She may make contracts only in reference to her separate property, trade or business, or upon the faith and credit thereof, and with the intent on her part to thereby charge her separate estate. *Grand Island Banking Co. v. Wright, supra.*

3. ———: SIGNING NOTE: NO PRESUMPTION OF INTENTION TO BIND SEPARATE PROPERTY: BURDEN OF PROOF. When a married woman signs a note, there is no presumption that she intended thereby to fasten a liability upon her separate estate; but in an action on such note, where coverture is pleaded as a defense, and proved, the burden is upon the plaintiff to establish that it was made with reference to, and upon the credit of, her property, and with the intent to bind the same. *Grand Island Banking Co. v. Wright, supra.*

ERROR from the district court for Hall county. Tried below before THOMPSON, J. *Affirmed.*

*Othman A. Abbott,* for plaintiff in error.

*W. H. Platt, contra.*

KIRKPATRICK, C.

This is an action brought by the plaintiff in error, the Citizens State Bank of Wood River, against Thomas J. Smout and Josephine Smout, his wife, in the district court of Hall county, on July 14, 1897. The petition filed was in the form usual upon promissory notes, and set out two notes for $1,000 and $800, respectively, signed by both defendants. Thomas J. Smout made default. Josephine Smout filed an answer, in which she admitted signing the notes set out in the petition, but pleaded coverture, and that she signed the notes as surety for her husband only; that she received no consideration whatever; did not sign the notes for the purpose or with the intention of binding her separate estate or property, and that said notes, or either of them, did not concern her separate property, trade or business, and that she did not sign them intending in any way to bind her separate estate. Judgment was entered in favor of the bank and against Thomas J. Smout, and in favor of the defendant, Josephine Smout, dismissing the case as to her with costs.

Two errors are particularly relied upon by plaintiff in error to obtain a reversal of the judgment of the trial court. In the trial of the cause, over the objections of plaintiff in error, the court permitted each of the defendants to testify to conversations had between them at the time Thomas J. Smout presented the notes in question to his wife Josephine, and asked her to sign them. The testimony discloses that at this time Thomas J. Smout was a director in the bank; that he was owing the bank for borrowed money, the amount represented by these two notes; that the bank examiner had been complaining that the bank held too much paper with only one name upon it, and the other officers of the bank asked Thomas J. Smout

to procure the signature of his wife to the notes, which he promised to do. The cashier of the bank made out the notes and gave them to Smout and asked him to procure his wife's signature to them. It seems clear that in performing this act Smout was acting for the bank. The bank, more than any one else, was interested in getting the additional signature on these notes, and for that purpose it constituted Thomas J. Smout its agent to get the additional signature. It follows, therefore, that the testimony given to conversations had between Smout and his wife regarding her signature to the notes is not open to the objection urged by plaintiff in error. But if this evidence had been objectionable, its admission would have been error without prejudice, because, under all the evidence in the case and the instructions of the court, but one verdict could properly have been returned.

Plaintiff next complains of the giving of instruction No. 6, which reads as follows: "You are instructed that in order [to] bind a married woman upon a note or contract entered into while the marriage relation subsists, it must be made with reference to or upon the faith and credit of her separate estate or business, or in relation to her separate estate, trade, or business, and you will determine whether Josephine Smout so signed the notes in question, and bring in your verdict accordingly." If this instruction is open to any objection, it is that it states the law more favorably to plaintiff than can be upheld. This being true, the bank is in no position to complain because it was given. Counsel for plaintiff in error complains of the decisions of this court construing what is known as the "Married Woman's Act," and admits that if the law is as frequently announced by this court, there was no error in the giving of the instruction complained of. The precise question involved has been so many times passed upon by this court that it would be of no advantage to re-examine the question. In the case of the *Grand Island Banking Company v. Wright,* 53 Nebr., 574, the present chief justice, in a very able opinion, after a careful exami-

nation of all previous decisions of this court, held that a married woman could only contract with reference to her separate property, trade or business, or upon the faith and credit thereof, and with the intent thereby to charge her separate estate. It was also said in that case that when a married woman signs a note, there was no presumption that she intended to fasten a liablity upon her separate estate, and that in an action on such note, where coverture was pleaded and proved, the burden was upon the plaintiff to establish that the note was made with reference to and upon the credit of her property and with the intent to bind the same. The question was again considered in the case of *Westervelt v. Baker*, 56 Nebr., 63, in an opinion by RAGAN, C. In that case, the learned commissioner, in discussing the presumption that arose by reason of a married woman signing a promissory note, said: "We have read and examined these cases heretofore, and have again studied them, and still we feel that our construction of the statute is correct. The court is divided as to the proper construction of this statute. It has several times been given the most careful consideration of which we are capable, and in *Grand Island Banking Co. v. Wright*, 53 Nebr., 574, will be found the views of the majority of the court, sustaining the construction which it has placed upon the statute, and the views of the members of the court who dissent from that construction. The construction there placed by the majority of the court upon the statute must be considered as closing the question." It follows, therefore, that, in the case at bar, the burden was upon the plaintiff bank to establish by a preponderance of the evidence that defendant Josephine Smout signed the notes, intending thereby to pledge her separate estate with their payment. Plaintiff bank wholly failed on the trial to introduce any evidence upon this question. The only evidence in the case was negative in character, and introduced by defendants, and from it the facts appear that the notes in controversy represented a pre-existing debt of the husband; that the wife signed as surety only, and

without the intention of charging her separate estate with the payment of the notes.

From what has been said it appears that the trial court could with propriety have instructed the jury to bring in a verdict in favor of the defendant, Josephine Smout. There being no error in the record, the judgment of the lower court should be affirmed.

DAY and HASTINGS, CC., concur.

By the Court: For the reasons given in the opinion the judgment of the lower court is

AFFIRMED.