UNION STATE BANK OF HARVARD, APPELLANT, V. H. L. McKELVIE, APPELLEE.

FILED JUNE 22, 1912. No. 17,038.

1. Married Women: DISABILITIES: CONTRACTS. "The common law disability of a married woman to contract is in force in this state except as abrogated by statute. She may make contracts only in reference to her separate property, trade or business, or upon the faith and credit thereof and with the intent on her part to thereby charge her separate estate." *Grand Island Banking Co. v. Wright,* 53 Neb. 574. *Citizens State Bank v. Smout,* 62 Neb. 223.

2. ———: ACTION ON NOTE: PLEADING. Where the liability of a defendant depends upon the execution and delivery of a promissory note, and it appears from the petition that the defendant sought to be charged was a married woman at the time of the execution of the note, and for that reason may have been disqualified to execute and deliver such note, it should further appear from the petition that the note was made with reference to, and upon the credit of, the defendant's separate property and with the intent to bind the same.

APPEAL from the district court for Clay county: LESLIE G. HURD, JUDGE. *Affirmed.*

*Matters & Matters* and *James H. Macomber,* for appellant.

*Paul E. Boslaugh, contra.*

HAMER, J.

This is an appeal from a judgment of the district court for Clay county upon a verdict for the defendant which was directed by the court. The court directed the jury as follows: "Gentlemen of the jury: Under the pleadings and evidence in this case there is no cause of action shown against the defendant, Mrs. H. L. McKelvie, and you are instructed to return a verdict for the defendant, Mrs. H. L. McKelvie." There was a motion for a new trial by the plaintiff bank, which was overruled and exceptions taken.

The bill of exceptions shows no testimony other than the admission of the plaintiff and defendant as follows: "It is admitted by the defendant that the Morley Twine & Machinery Company, before the note in suit became due and payable, the said twine company for a valuable consideration sold and indorsed the note to the plaintiff in this suit, and under the indorsement set out in the plaintiff's petition, and that the plaintiff was at the time this action was instituted, and now is, the legal owner and holder of the note. It is admitted by the parties that the amount of the note and interest at the time, up to the first day of this term, is one hundred sixteen and 20-100 dollars ($116.20). Plaintiff rests. Defendant rests."

The action was brought upon a promissory note in the usual form, and signed "Mrs. H. L. McKelvie," and contained a promise to pay the Morley Twine & Machinery Company, or order, $100, with interest at the rate of 8 per cent. per annum from maturity. There was an indorsement by the payee. The plaintiff alleged the execution and delivery of the note by Homer L. McKelvie on the 8th day of May, 1908, "with full authority from Mrs. H. L. McKelvie, *who is his wife;*" also, that before the note became due it was sold and indorsed for a valuable consideration to the plaintiff, who was alleged to be the legal owner and holder thereof. The suit was brought against "Mrs. H. L. McKelvie, H. L. McKelvie, and the

Morley Twine & Machinery Company." It was alleged that Homer L. McKelvie was liable because he affixed the signature of his wife to the note, and that Mrs. H. L. McKelvie was "liable upon said note as maker, she having given due authority to the said Homer L. McKelvie to execute said note." The fact appears from the petition that Mrs. McKelvie is a married woman, because it is alleged that she is the wife of H. L. McKelvie. As her disability to contract as a single woman appears from the petition, one of the pertinent questions presented is whether the petition should have alleged facts to take the case within the exception which would have made her liable as a married woman. Of course, as the fact appears from the petition which takes away from her the power to contract as a single woman and prevents her from making a binding promise, it need not be set up by way of answer.

In her answer, Mrs. McKelvie admitted that her husband made the note as her agent, and that she is therefore the maker of the note; but she further alleges that on the date when the note was executed she was, and ever since that time has been, a married woman, and that said note and contract and indebtedness forming the basis of action was not entered into or contracted upon the faith or credit or with the intention to bind her separate estate, trade, business or employment, and said contract and obligation would not and does not in any manner concern the separate estate, property, trade, business, labor or service of this defendant. Also that on the 8th day of May, 1908, or at any time since that date, she did not have any separate estate, property, business, or trade, nor was she performing any labor or service on her sole account.

By the reply the plaintiff admitted that the defendant was a married woman during all the times complained of.

It appears by the pleadings that the defendant was a married woman at the time the note sued on was exe-

cuted. Under the common law disability of married women she cannot contract except as permitted by the statute. She may make a contract only in reference to her separate property, trade or business, or upon the faith and credit thereof and with the intent on her part to thereby charge her separate estate. *Grand Island Banking Co. v. Wright,* 53 Neb. 574. In that case it is said in the body of the opinion, beginning on page 577: "The implied power of a *feme covert* to contract is given by the last section quoted (4); but this only extends to her separate trade or business and to contract with reference to her personal services. The express authority conferred upon married women to enter into contracts is to be found in section 2 copied above. But this statute does not expressly nor by implication enlarge a wife's capacity to contract generally. She can buy and sell property in her own name and upon her own account, and enter into valid contracts with reference to her separate estate the same as if she were a *feme sole,* or as a married man may in relation to his property. The statute does not undertake to confer upon a married woman an unrestricted power to make contracts, but such right is limited to contracts made with reference to, and upon the faith and credit of, her separate property or estate. Upon such contract she is liable, but all her other engagements and obligations are void as at common law. To hold unqualifiedly that a married woman has the same right to enter into contracts, and to the same extent, as a man would be to disregard the qualifying clause of said section 2, which confers upon her the authority to 'enter into any contract with reference to the same (her property) in the same manner, to the same extent, and with like effect as a married man may in relation to his real and personal property.'" This court takes occasion to emphasize the idea that, "if the legislature had intended to wholly remove the common law disabilities of a married woman, and give her general power to make contracts of all kinds, this intention, doubtless, would have been ex-

pressed in apt and appropriate language. It would have expressly enacted that she could bind herself and her property by her general engagements whether made or entered into for the benefit, or on account of, her separate property or not, instead of empowering her to contract alone with reference to her own property, trade and business." Judge NORVAL, delivering the opinion of this court, pertinently suggests that "in construing this statute it is important to bear in mind that the legislature was not attempting to impose disabilities upon married women, but was engaged in removing some of those already existing. *She can contract only so far as her disabilities have been so removed by the legislature.* The statute requires that contracts, to be valid, must be entered into with reference to her separate property, and it is for the courts to so construe this enactment as to carry out the legislative will." There is in the case quoted an extended review of the decisions of this court touching the question involved, beginning with *Davis v. First Nat. Bank,* 5 Neb. 242, and ending with *McKinney v. Hopwood,* 46 Neb. 871.

Section 2 of the act (Comp. St. 1911, ch. 53) reads: "A married woman, while the marriage relation subsists, may bargain, sell, and convey her real and personal property, and enter into any contract with reference to the same in the same manner, to the same extent, and with like effect as a married man in relation to his real and personal property."

Section 3 reads: "A woman may, while married, sue and be sued, in the same manner as if she were unmarried."

Section 4 reads: "Any married woman may carry on trade or business, and perform any labor or services on her sole and separate account; and the earnings of any married woman, from her trade, business, labor, or services, shall be her sole and separate property, and may be used and invested by her in her own name."

By reference to section 1 of the act it will be seen that

the property of a married woman which she may own at the time of her marriage, and the profits therefrom. and all property coming to her by descent, devise or gift of any person except her husband, or which she shall acquire by purchase or otherwise, shall remain her sole and separate property, and shall not be subject to the disposal of the husband. There are two exceptions to this: One is contained in the proviso which makes her property, not exempt from sale on execution or attachment, liable for debts contracted for necessaries furnished for the family, after an execution against the husband has been returned unsatisfied; and the other exception is that contemplated by section 4 above quoted, which enables her to carry on trade or business and to perform labor and services on her own separate account, and to retain her earnings and separate property and to use and invest the same in her own name. Enough should have been stated in the petition to take the case within one of the exceptions making the defendant, Mrs. McKelvie, liable. It was not stated in the petition or in the answer or reply that the defendant was liable because the note was given for necessaries furnished for the family, or in connection with Mrs. McKelvie's separate trade or business, and there is no admission of that kind in the stipulation. It would seem, therefore, that there is no foundation or basis for a liability against Mrs. McKelvie alleged or proved or in any way before the court. In the brief of appellant it is said that the note was given as the purchase price of stock in a company, but that statement does not appear from the pleadings or in the stipulation, and there was no testimony taken, and therefore it does not appear in any way.

The case of the *Citizens State Bank v. Smout*, 62 Neb. 223, seems to be in point. That was an action upon two promissory notes signed by James J. Smout and his wife, Josephine. She admitted signing the notes, but pleaded coverture, and that she signed the notes as surety for her husband only; that she received no consideration whatever, and that she did not sign the notes for the purpose

of binding her separate estate or property, and that said notes or either of them did not concern her separate property, trade or business. This court held in that case that the burden was on the plaintiff bank to establish that the wife signed the notes intending thereby to pledge her separate estate. The bank failed to enter into evidence upon this question. It was held that the wife was not liable in that case.

The burden was upon the plaintiff to allege a liability upon the part of the defendant, Mrs. McKelvie. Having alleged that she was the wife of the defendant, H. L. McKelvie, and therefore, in effect, that she was a married woman and would for that reason be generally disqualified to contract, it became necessary further to allege a fact under the statute, the existence of which would enable her to contract about the particular matter. Such fact was neither alleged nor proved nor admitted by the stipulation. There was therefore a failure to make a case.

The judgment of the district court in favor of the defendant, Mrs. H. L. McKelvie, is right, and it is

AFFIRMED.

LETTON and SEDGWICK, JJ., concur in the conclusion.