LEVI FOY CARPENTER, APPELLANT, V. FRANK BENNETT, APPELLEE.

FILED DECEMBER 21, 1921. No. 21878.

1. **Notes: DEFENSE: FAILURE OF CONSIDERATION.** Absence or failure of consideration of a bill or note is a matter of defense as against any party who is not a holder in due course.

2. **Failure of Proof.** The conduct and demeanor of the witnesses and their testimony failed to convince the jury that there was any consideration for the note or that the plaintiff was a holder in due course.

3. **Appeal: REVIEW.** On a clear statement of fact being detailed and submitted to a jury, this court will not disturb their finding unless it is clearly wrong.

4. ———: ———. When plaintiff has his entire theory on the facts submitted to a jury, he cannot be heard in complaint of the verdict rendered upon sufficient competent evidence, and is bound thereby.

APPEAL from the district court for Dodge county: A. M. POST, JUDGE. *Affirmed.*

*Abbott, Rohn & Robins* and *John L. Cutright*, for appellant.

*Joseph E. Daly, contra.*

Heard before MORRISSEY, C. J., ALDRICH and FLANS-
BURG, JJ., HOSTETLER and MORNING, District Judges.

ALDRICH, J.

This is an action at law upon a certain promissory note
executed and delivered by the defendant to Brandt C.
Carpenter, at Chicago, Illinois, on or about May 8, 1919,
payable six months after date, which note was indorsed
in blank by Brandt C. Carpenter, and plaintiff alleges
that he is a holder in due course. Judgment and verdict
for defendant. Plaintiff appeals.

There are two main issues tendered for consideration
in this case: First. What was the consideration for the
note as between the original parties? Second. Was the
plaintiff a holder in due course? Upon these issues will
be determined the liability of the defendant.

The defendant was induced to sign and execute the
note in question in order to become a branch agent of the
National Honor Roll Company. Instead of making the
note payable to the company, Brandt C. Carpenter was
named as payee. The plaintiff is the father of Brandt
C. Carpenter, the payee, and holds the note as indorsee.

The National Honor Roll Company was organized to
collect photographs and information of the men in the
military service during the late war, publish a book for
each county containing such material, and distribute the
same through its branch managers for the price of $12.50,
of which $2.50 was to be a commission by the provisions
of the contract between the company and the branch
manager. The latter was to purchase at the time of the
contract 100 books at the price of $10 each, which amount
was to be paid in cash. An examination of the record,
which sets forth the facts in this regard, discloses that
the National Honor Roll Company rendered no consider-
ation for this note.

The defendant called at the offices of the National
Honor Roll Company, and there met the secretary of the
company, who introduced him to one Brandt C. Car-

penter, a branch officer in the company. Mr. Carpenter represented that the company was financially responsible and in good condition, but that he could not act in the absence of Mr. Whiting, the sales manager. It will be noted that the defendant claims and introduced evidence tending to prove that the note and mortgage were executed contemporaneously and were given in consideration of the appointment of defendant as managing agent of the National Honor Roll Company for Dodge county, Nebraska. Brandt C. Carpenter was named as payee at the request of Mr. Whiting, the sales manager. The jury found on this issue in favor of the defendant. From the record presented in this case, the jury have the right to determine from the appearance and demeanor of the witnesses on the stand and from all the surrounding circumstances of the case which witnesses are worthy of credit and which are not. Estimated by this standard, the jury evidently did not believe the testimony of the witnesses for the plaintiff in this regard. We do not feel warranted in disturbing that finding. *Murphey v. Virgin,* 47 Neb. 692. Where there is an issuable fact as to how a case should be determined, it is error to refuse to submit it to the jury. *McKinney v. Hopwood,* 46 Neb. 871; *Van Etten v. Edwards,* 48 Neb. 25. "Where there is competent testimony tending to support a defense properly pleaded, it is error for the trial court to direct a verdict for the plaintiff." *Continental Lumber Co. v. Munshaw & Co.,* 77 Neb. 456.

Other issues have been discussed by counsel for plaintiff, to which we have not referred. We did not discuss them for the reason that it did not appear there was any consideration for the note, and for the further reason that the evidence and circumstances did not show the plaintiff to be a holder in due course. The parties had the benefit of a trial by jury on these matters and they were determined in defendant's favor. We have examined the record and instructions given by the court and find

there were no prejudicial errors occurring at the trial. The verdict and judgment are sustained by the law and the facts.

AFFIRMED.