JOHN ROMBERG v. GERHARD FOKKEN.

FILED FEBRUARY 18, 1896.   No. 5956.

1. **Bill of Exceptions:** AUTHENTICATION.  A bill of exceptions in a cause tried in the district court must be authenticated by the certificate of the clerk of such court, to entitle it to be considered in the supreme court.

2. **Transcript:** MOTION FOR NEW TRIAL.  A paper purporting to be a motion for a new trial cannot be considered, unless certified to in the transcript by the clerk of the district court.

ERROR from the district court of Cuming county.   Tried below before NORRIS, J.

*M. McLaughlin* and *J. C. Crawford*, for plaintiff in error.

*T. M. Franse* and *C. C. McNish, contra.*

NORVAL, J.

This is an action at law by a lessee against his lessor to recover damages for the failure of the defendant to put the plaintiff in possession of the leased premises according to the stipulations in

the lease.    From a verdict and judgment against
the defendant, he prosecutes error to this court.

A reversal is sought upon two grounds:

1. The verdict is contrary to, and is unsup-
ported by, the evidence.

2. The court erred in the giving and refusing of
certain instructions.

The assignment that the verdict of the jury is
not sustained by sufficient evidence cannot be con-
sidered by this court, for the reason that the bill
of exceptions purporting to contain the evidence
adduced on the trial is not authenticated.    That
which purports to be a bill of exceptions, and
which is attached to the transcript, does not ap-
pear to have been filed in the district court, nor
has the clerk of that court certified that it is
either the original bill of exceptions settled and
allowed in the cause or a copy thereof, as required
by law.    The pretended bill, therefore, must be
ignored, and cannot be considered for any pur-
pose. (*Aultman v. Patterson*, 14 Neb., 57; *Hogan v.
O'Niel*, 17 Neb., 641; *Flynn v. Jordan*, 17 Neb., 518.)
But it may be said the omission of the clerk's cer-
tificate authenticating the bill must be deemed
to have been waived by the parties, inasmuch as
they have conceded the validity of the bill of
exceptions by raising no objections thereto in this
court. *Yates v. Kinney*, 23 Neb., 648, recognizes
such rule, but we do not hesitate to say that it is
unsound.    In the exercise of its appellate juris-
diction, this court reviews the proceedings of the
district court, and our only means of ascertaining
what proceedings were had and taken in the trial
court in any case, or what pleadings were filed
therein, is the transcript of the record of that
court, duly authenticated by the proper officer.

If the parties may waive the certificate of the clerk of the district court to the original bill of exceptions, then there is no reason why they may not likewise waive the authentication of the transcript of the final judgment or order sought to be reviewed and the pleadings in the case. The statute requires both the transcript and the bill of exceptions to be authenticated by the certificate of the clerk of the district court, and we have no right to ignore or disregard its mandatory provisions. (*Moore v. Waterman*, 40 Neb., 498; *Otis v. Butters*, 46 Neb., 492; *Martin v. Fillmore County*, 44 Neb., 719; *Yenney v. Central City Bank*, 44 Neb., 402.)

There is another reason why this evidence cannot be considered. It has been frequently asserted by this court that the sufficiency of the evidence to support the verdict, as well as errors in the giving and refusing of instructions, must be called to the attention of the trial court by a motion for a new trial. The record shows that a motion for a new trial was overruled by the court below, and while a paper purporting to be such a motion is contained in the transcript, it lacks authenticity. Attached to the transcript is the following certificate:

"STATE OF NEBRASKA, }
  COUNTY OF CUMING. } ss.

"I, Emil Heller, clerk of the district court of Cuming county, do hereby certify that the foregoing is a true transcript of the petition, answer, instructions, and journal entries as the same are of record and on file in my said office.

"Witness my hand and the seal of said district court, this 2d day of April, A. D. 1892.

"EMIL HELLER,
*"Clerk of the District Court."*

It will be observed that the certificate makes no reference to the motion for the new trial, but particularly enumerates which papers contained in the transcript are certified to be true copies of the originals on file. In this condition of the record, we are unable to say that the alleged motion for a new trial included in the transcript is a copy of the one passed upon by the district court, therefore it cannot be considered by us. (*Haggerty v. Walker*, 21 Neb., 596; *Chamberlain v. Brown*, 25 Neb., 434; *Burlingim v. Baders*, 47 Neb., 204.) It follows that neither the instructions nor the evidence can be reviewed. No question which has been argued in the brief is presented by the record. The judgment is

AFFIRMED.