JOHN REED, APPELLANT, V. JORELIAN L. RICE ET AL., APPELLEES.

FILED MAY 20, 1896.   No. 6622.

1. **Bill of Exceptions:** REVIEW.   When a bill of exceptions has been quashed, no question can be considered, a determination of which necessarily involves an examination of the bill of exceptions.

2. **Mortgages:** NOTICE OF JUDGMENT LIEN.   A party purchased real estate and caused the title to be conveyed to his wife.   It was subsequently conveyed to another party, and by this, by direction of the first party purchaser, to a third person who obtained a loan thereon, the proceeds of which were used in discharging liens and incumbrances existing against the property.   Prior to the date the loan and the mortgage on the property evidencing it were made, creditors of the first party purchaser, who had obtained judgment against him, procured the issuance of an execution and its levy on the real estate in question, which was returned before the loan was made.   *Held,* That the facts of the existence of the judgment against a party who had not, so far as the record disclosed, been an owner of the real estate, or interested therein, and the issuance of an execution on such judgment and its levy on the property, were not notice to the mortgagee of the rights or interest of the first party purchaser in the property, or any lien of his judgment creditors against it, the mortgagee being shown in all other respects to be an innocent or *bona fide* mortgagee.

APPEAL from the district court of Douglas county. Heard below before FERGUSON, J.

*David Van Etten*, for appellant.

*Charles A. Goss* and *Albert Swartzlander, contra.*

HARRISON, J.

It appears that on or about the 24th day of September, 1888, Jorelian L. Rice, of appellees herein, purchased lots 12, 13, and 14 of block 3, in Redick's Park Addition to the city of Omaha, and had them conveyed to his wife, Althorosa Rice, and that on or about the 29th of July, 1889, the lots were conveyed to John T. Denney, subject to a mortgage which he assumed and agreed to pay; that during the time the title to the lots was in Denney, he caused to be erected thereon three houses, and not having paid for the material and labor, mechanics' liens for the sums due therefor were duly perfected against the property. Afterwards Denney, pursuant to an alleged sale to Rice, and by his direction, conveyed the lots incumbered by the mortgage and mechanics' liens to James E. Curtis, a brother-in-law of Rice. The principal of the incumbrances amounted at this time to between five and six thousand dollars. Application was made to Burney J. Kendall for a loan on the property, who, after obtaining an abstract of the title as it appeared of record, approved the application, and of date February 15, 1890, made a loan of $4,500, taking a mortgage on the property as security, and the amount thus obtained was expended in the payment of liens and incumbrances. Three notes of $550 each and a mortgage on the property securing their payment, the notes and mortgage running to Rice as payee, were executed by Curtis and delivered to Rice and, he alleged, were by him sold and the proceeds applied to the payment of the prior liens and incumbrances then on the property. John Reed, the appellant, at the September, 1888, term of the district court in Douglas

county, recovered a judgment against Rice for the sum of $1,744.92 and costs, and on June 17, 1889, an execution for the enforcement of the judgment was issued and delivered to the sheriff, who levied it upon the lots aforementioned, and after advertising and offering them for sale thereunder, the writ was returned, and among other statements indorsed thereon we find the following: "Not sold for want of bidders, and this writ is returned for want of time for further action." On the 12th day of May, 1890, the appellant filed the petition in this action, what is generally known as a creditor's bill, in which he alleged that all and singular the several transactions, including the one between Jorelian Rice and Burney J. Kendall, were parts of a scheme on the part of Rice to defraud his creditors, in which all the other parties defendants were participants. The main object sought by appellant in the action was to have the judgment declared a first lien on the property and to have the premises sold and the proceeds applied in payment of the judgment debt. Kendall, in his answer, pleaded his loan to Curtis of date February 15, 1890, in the sum of $4,500, and its good-faith character in all particulars, and the execution of the notes and the mortgage on the property evidencing the loan, and denied all participation on his part in, or knowledge of, any scheme or plan of Jorelian L. Rice to hinder, delay, or defraud his creditors. The other defendants answered, and it will not be necessary to particularly notice their several pleas here. After a trial of the issues, the judge who heard it entered the following findings and decree:

"On consideration whereof the court finds that the defendant Burney J. Kendall received the mortgages described in his answer in good faith and for value, and that the same are a valid, subsisting, and first lien on the real estate described in the pleadings and prior to the claim of any other party hereto. It is therefore considered by the court that Burney J. Kendall go hence without day and recover of said plaintiff his costs of suit, taxed to $———.

"And it appearing that the plaintiff and Jorelian L. Rice have during its pendency settled the subject-matter of this suit, plaintiff receiving a deed for certain lands and a note for $300 and Jorelian L. Rice confessing judgment for costs: It is therefore considered that the plaintiff have and recover of said Jorelian Rice his costs of suit, taxed to $——, and as to all other defendants this action be and the same is hereby dismissed and they go hence without day."

After the cause was removed here by appeal, a motion to quash the bill of exceptions was filed and submitted, and was sustained in favor of all the defendants except Burney J. Kendall, and as to him it was overruled. To determine the strength of the points argued in behalf of appellant in relation to the judgment in favor of appellees other than Kendall would require a reference to, and examination of, the evidence, or portions of it, as contained in the bill of exceptions, and as to them it has been quashed and hence cannot be examined for the purpose indicated, and the finding and judgment in their favor must be affirmed.

In regard to the rights of appellee Kendall, there was no evidence showing or tending to show that his mortgage was other than *bona fide;* that in the whole transaction of the loan on the property he was not at all times acting in good faith, but it is contended that the facts that an execution had been issued on the judgment against Jorelian L. Rice and levied upon these lots and afterwards returned the property not sold for want of bidders and because the life of the execution had expired, was notice to all the world and to Kendall of any interest, if any existed, of Jorelian L. Rice in the property. This position is not tenable. Rice was not the owner of the property of record. His name did not appear in the title as the owner and holder of any title in and to it at any time. The judgment against him was not a lien on the lots or notice of the rights of the judgment creditors to parties dealing with the person who,

according to the record, owned the lots or held the title to them. Neither could the mere fact that the execution had been issued and levied against them be any notice in and of itself. It is not contended that the evidence discloses that Kendall had any direct notice or knowledge of the existence of the judgment, the execution, or its levy. Before making the loan he obtained an abstract of the title, examined the title, and had it examined by an attorney, and it appearing to be in the party to whom he made his loan and of whom he received his mortgage, he cannot be charged with notice of the rights or interests of judgment creditors of a person who, so far as the record discloses, had never been the owner or holding any title to the property, because of the existence of a judgment in their favor and issuance and levy of an execution against the property thereon. The finding of the trial court that Burney J. Kendall was a mortgagee in good faith was according to the weight of the evidence, and the judgment by which the mortgage of Kendall was given priority as a lien was right and must be

AFFIRMED.