GEORGE C. HAZELET ET AL. V. HOLT COUNTY.

FILED JUNE 3, 1897. No. 9076.

1. **Official Bonds:** PLEADING. The questions raised and argued herein in relation to the insufficiency of the petition in the action are governed by the conclusions announced in an opinion in the companion case having the same title, and the conclusions need not be restated. (See *Hazelet v. Holt County*, 51 Neb., 716.)

2. **Unauthenticated Bill of Exceptions.** If a bill of exceptions is not authenticated by the certificate of the clerk of the trial court, it will not be examined in the supreme court.

3. ———: REVIEW. In the absence of a proper bill of exceptions, all assignments of error which require for their determination a reference to such a bill must be overruled.

ERROR from the district court of Holt county. Tried below before KINKAID, J. *Affirmed.*

*J. C. Crawford* and *H. M. Uttley*, for plaintiffs in error.

*H. E. Murphy, W. R. Butler*, and *M. F. Harrington*, contra.

HARRISON, J.

This action was instituted by the county of Holt to recover of George C. Hazelet, formerly county clerk of the county, and his bondsmen, certain sums which it was

alleged he had collected of fees as county clerk during a term of office of two years, commencing in the month of January, A. D. 1888, and retained in excess of the compensation fixed by law, and which excess he was by law required to pay into the county treasury. Issues were joined and as the result of the trial the county was given a judgment, to reverse which error proceedings have been prosecuted to this court for Hazelet and his bondsmen.

Counsel urge that the statements in the petition were insufficient to constitute a cause of action. This is one of two actions of a similar nature between the same parties which have been considered together, in part, and in one an opinion has been prepared in which the objection to the petition, that it did not state a cause of action, was discussed and determined. (*Hazelet v. Holt County*, 51 Neb., 716.) The point therein raised was the same as in the case at bar, and what was therein stated is equally applicable and pertinent herein and need not be repeated. Following the conclusion which was reached in that case the petition in this must be held sufficient.

The document in this record which is designated the bill of exceptions lacks the certificate of the clerk of the trial district court; hence is not authenticated and will not be examined. (*Andres v. Kridler*, 47 Neb., 585; *Oltmanns v. Findlay*, 47 Neb., 289.)

All of the further assignments of error presented in argument necessitate for their determination a reference to the bill of exceptions. As it is not properly before us, the errors, if any, do not affirmatively appear and must be overruled. (*Everingham v. Harris*, 51 Neb., 627; *Royse v. State Nat. Bank*, 50 Neb., 16; *Gray v. Elbling*, 51 Neb., 726.)

We may add here, however, that in the main, if not entirely, the questions in this case are identical with those discussed in the companion case in which an opinion is filed at this time, and the doctrines therein announced

are applicable and governing herein.    It follows that the judgment of the district court must be

AFFIRMED.