L. CURK DUNCAN V. STATE OF NEBRASKA.

FILED FEBRUARY 22, 1906.   No. 14,242.

A bill of exceptions must be filed with the clerk of the trial court, and if the original bill is to be used in the supreme court it must be authenticated by said clerk. A document attached to a transcript and purporting to be a bill of exceptions cannot be considered, unless it be authenticated as such by the certificate of the clerk.

ERROR to the district court for Cheyenne county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*W. P. Miles* and *James L. McIntosh,* for plaintiff in error.

*Norris Brown, Attorney General, W. T. Thompson* and *H. E. Gapen, contra.*

BARNES, J.

The plaintiff in error, L. Curk Duncan, was convicted of the crime of cattle stealing in the district court for Cheyenne county. He was thereupon sentenced to a term of three years' imprisonment in the state penitentiary, and from that judgment he prosecutes error.

But one question is argued in his brief, and that is that the verdict is not sustained by sufficient evidence. An examination of the record discloses that it contains no legal bill of exceptions. At the close of the transcript we find the following certificate: "State of Nebraska, Cheyenne County ss.: I, R. E. Barrett, clerk of the district court for Cheyenne county, do hereby certify that the fore-

going is a true and perfect transcript of the information, instructions to the jury, as given by the judge of said court, verdict of jury, motion for a new trial, and judge's notes, as shown on the trial docket in the said cause in the above entitled action, as the same remains on file and of record in my office. R. E. Barrett, clerk of the district court. (Seal.)" It will be observed that the certificate does not mention the final judgment, or show that one was rendered against the accused. We would therefore be justified in summarily dismissing the whole proceeding, but as we find what purports to be such a judgment in the transcript we have concluded to further examine the questions presented by the record.

Attached to the transcript is what purports to be a bill of exceptions. It bears no filing marks of the clerk of the district court for Cheyenne county. In fact, it appears that it was never filed in that .court. There is no certificate of any kind attached to it, and there is no way by which it can be identified as either the original bill of exceptions in the case or a copy thereof. That the contents of such a document cannot be considered by this court for any purpose is not now an open question..

In *Wax v. State*, 43 Neb. 19, it was said: "A bill of exceptions must be certified by the clerk of the trial court, as being a part of the record in said court, or as being the original bill of exceptions in the cause, in order that the matters therein may be considered by this court."

In *Wood Mowing and Reaping Machine Co. v. Gerhold*, 47 Neb. 397, this court held that a bill of exceptions must be filed with the clerk of the trial court, and if the original bill is to be used in the supreme court it must be authenticated by said clerk. "A document attached to a transcript and purporting to be a bill of exceptions cannot be considered unless it be authenticated as such according to the requirement of the statute, by the certificate of the clerk of the district court." *Coad v. Barry*, 57 Neb. 177. · "If there is no bill of exceptions, questions of fact, or the sufficiency of the evidence to sustain the findings of

the court, cannot be considered." *Gay v. Reynolds,* 57 Neb. 194. See, also, *Miles v. State,* 74 Neb. 684.

The attorney general, however, has filed no motion to quash the alleged bill of exceptions, but has been content to attack it on the final hearing. We have therefore concluded to look into it, and upon so doing we find, if it should be regarded as a correct exhibit of the evidence, that the verdict is not unsupported.

It appears that on or about the 2d day of September, 1904, Mrs. Emma Robinson, the wife of the owner of the animal alleged to have been stolen, found the accused driving it from her husband's herd of cattle toward his own place; and when accosted by her he released the steer and made no further claim to it. His explanation to her of why he cut it out of the herd belonging to the prosecuting witness, and why he was driving it toward his own premises, in the light of the other evidence, does not entirely comport with truth or reason, and his subsequent statement to the prosecuting witness and others in relation to the matter is not quite consistent with the theory of an honest mistake in his attempted identification of the animal. Again, the owner of the herd saw the steer but a few days before the accused was interrupted in his attempt to drive it home. It then had horns, its ears were not cut or mutilated, and it had the owner's mark or brand on its jaw. When it was found in the possession of the accused it had been dehorned, the owner's mark had been obliterated by a cross-brand placed over it, its ears had been cut or mutilated, and a bar brand, which the accused admitted was like the one used by him, had been placed on the animal's hip. The attempted explanation of the accused as to how and where this branding and marking might have been done was not consistent with truth and reason, although it is but fair to say that he denied doing it himself. So there was evidence from which the jury could reasonably find that the accused had cut the steer out of the herd belonging to the prosecuting witness, and **was** driving it **away** with intent to deprive the owner

thereof, when he was surprised with it in his possession by Mrs. Robinson. So we are unable to say that the evidence does not support the verdict.

The judgment of the district court is therefore

AFFIRMED.