UNION STOCK YARDS NATIONAL BANK OF SOUTH OMAHA, APPELLEE, v. MARY LAMB, APPELLANT.

FILED DECEMBER 18, 1912. No. 16,837.

1. Bills and Notes: ACTION: DEFENSE OF COVERTURE: BURDEN OF PROOF. In an action on a promissory note, signed by a defendant, and it is not alleged in the petition that such defendant is a married woman, the fact that she is such, if relied upon as a defense, must be alleged in the answer, in which case the burden of proof is upon the defendant to establish the fact, and, if proved, the burden of proof is upon the plaintiff to prove that the contract was made by the defendant with reference to and for the purpose of binding her separate property and estate.

2. Pleading: SUFFICIENCY OF PETITION. If a cause of action is stated in the petition, the fact that the pleading contains allegations of redundant and unnecessary matter, which does not conflict with nor weaken the proper averments made, will not render the petition demurrable as not alleging facts sufficient to state a cause of action.

3. Appeal: BILL OF EXCEPTIONS: AUTHENTICATION. "The rule is settled that this court will, on its own motion, refuse to consider a document appearing in the record and purporting to be a bill of exceptions, when not authenticated as such by the certificate of the clerk of the trial court." *State Bank v. Bradstreet*, 89 Neb. 186.

4. Instructions given and refused are examined, and no error discovered in the action of the court thereon.

5. **Appeal**: SPECIAL FINDINGS: FAILURE TO REQUEST. If a litigant desires that special findings of fact be made and returned by a trial jury, he should request their submission.

APPEAL from the district court for Greeley county: JAMES R. HANNA, JUDGE. *Affirmed.*

*J. R. Swain,* for appellant.

*Parish & Martin* and *John E. Kavanaugh, contra.*

REESE, C. J.

This is an action by plaintiff against Mary Lamb and M. Lamb to recover the balance due upon a promissory note executed by both defendants. It is alleged in the petition that the note sued upon is a renewal of a note previously given for the same indebtedness; the former note having been signed by both defendants. The fifth paragraph of the petition is as follows: "That on the 13th day of September, 1907, the defendant Mary Lamb executed and delivered to the plaintiff a chattel mortgage for the sum of $4,119.92, and that said chattel mortgage was made at the same time as the note herein set out, and was made a part of the original contract between the plaintiff and the defendant, and the said chattel mortgage contained the following condition: 'It is expressly understood that this mortgage covers and secures all extensions or renewals of within described note or notes.' And said mortgage also contained the following condition: 'If for any cause said property shall fail to satisfy said note, debt, interest, costs and charges, I covenant and agree to pay the deficiency.' " It is alleged in the sixth paragraph of the petition that the consideration named in the notes and mortgage was extended to the defendant Mary Lamb, and the entire contract whereby she became indebted to the plaintiff was made with the defendant Mary Lamb, whereby she pledged her separate property for the faithful performance of the obligation named in said notes and mortgage.

42

Defendant M. Lamb filed no answer. Mary Lamb answered (1) by a general denial of the unadmitted averments of the petition; (2) admitted the signing of the note upon which the action was based, but alleged that "she is a married woman, the wife of M. Lamb, the defendant in this case, and was such at all times mentioned in said petition, and a resident of the state of Nebraska; that she never signed said note mentioned in paragraph two of plaintiff's petition or any agreement connected therewith with reference to her separate property, estate or business, nor with a view of binding her separate property, estate or business, but signed said note solely as surety for said M. Lamb, and for no other purpose;" (3) avers that she never received any consideration for said note, other than the fact that she signed it as surety, and that she never had any business dealings with plaintiff, and was not indebted to it in any sum, and signed said note at its request as surety only. The reply was, in substance, a general denial. A jury trial was had.

It is suggested in the transcript that, at the commencement of the introduction of evidence, the defendant Mary Lamb objected to the introduction of any evidence, for the reason that the petition did not contain facts sufficient to constitute a cause of action in favor of plaintiff and against the defendant Mary Lamb. The objection appears to have been overruled and exception taken, and the ruling is presented in this court for error. The contention seems to be that it is shown by the paragraphs in the petition, herein above referred to, that the action is against Mary Lamb as a married woman, and, that being the case, the petition is deficient for want of an allegation that she signed the note upon the faith of her separate estate, which she then had and continued to have at the time of filing the petition. A number of cases are cited in the brief sustaining this view, and the law is probably as contended for, if in a proper case; but we fail to see that it can be applied to this case. There is no averment in the petition that Mary Lamb is, or was, a married woman. We are

unable to see the necessity for the averments in the petition, above quoted and set out, since they fall short of making the allegation of coverture. It may have been the object of the pleader to plead his evidence, which, although violative of the rules of pleading, would not furnish a basis for a demurrer. It did not detract from the cause of action stated. It may have been the purpose to anticipate a possible defense of suretyship, which would be improper, but would not render the pleadings demurrable as not stating a cause of action, if one was otherwise stated. We therefore conclude that the court did not err in overruling the demurrer *ore tenus*. Where the petition does not allege coverture, the fact that the defendant is a married woman is matter to be set up in defense, and in such case it is for a defendant to sustain the defense by proper evidence. If she establishes coverture, the burden is on the plaintiff to prove that the contract was made with reference to and upon the credit of her property. *Citizens State Bank v. Smout*, 62 Neb. 223.

It is shown by the transcript that upon trial to the jury a general verdict was returned finding in favor of plaintiff and against Mary Lamb, and assessing the amount of plaintiff's recovery at $1,257.03. A motion for a new trial was filed, overruled, and judgment rendered on the verdict. Defendant appeals.

It is insisted that the verdict is not sustained by the evidence, and the bill of exceptions is referred to as sustaining the contention, but there is no certificate of the clerk that the papers said to contain the evidence is the bill of exceptions, either the original or a copy, and we are debarred from this investigation. It has been so often decided by this court that the certificate of the clerk is jurisdictional, and what purports to be the bill of exceptions must be ignored if not certified, that it would seem to be unnecessary to cite cases, but a small number will be here appended. *Scott v. Spencer*, 42 Neb. 632; *Yenney v. Central City Bank*, 44 Neb. 402; *Merrill v. Equitable Farm & Stock Improvement Co.*, 49 Neb. 198; *Reuther v. Zimble-*

*man,* 50 Neb. 165; *Bryant v. Cunningham,* 52 Neb. 717; *Coy v. Miller,* 54 Neb. 499; *Noble v. Neal,* 57 Neb 797; *State Bank v. Bradstreet,* 89 Neb. 186. This must also apply to the contention that the court erred in excluding testimony offered by defendant, as we have no authority to examine, for any purpose, what purports to be a bill of exceptions.

Of the instructions, those numbered 12 and 13 are objected to. Instruction numbered 12 told the jury, in substance, that the material question to be decided was: "Did the parties, at the time the note in suit was executed, contract with reference to, and upon the faith and credit of, the separate estate of the defendant Mary Lamb?" etc. The criticism is as to the use of the word "parties." It is claimed that this included only the plaintiff and did not include the defendant. We think this is too narrow a construction of the language. It evidently referred to the parties to the contract and suit, which would include all. But, were it true that the instruction was indefinite, in the matter of which complaint is made, the thirteenth instruction tells the jury that, in order to hold Mary Lamb liable on the note, they must find she executed it "with reference to, and upon the faith and credit of, her separate property and estate." This removed all doubt, if any existed. The same idea is given in another form in the fourteenth instruction.

Defendant requested the court to give the following instruction: "The jury are instructed that the defendant in this case is not bound by any act of her husband, Michael Lamb, as her agent, unless you find from the testimony that he had authority from her to so act." What the testimony was is not before us, and, before the judgment could be reversed for the refusal to give an instruction, the instruction asked must have been applicable to any state of facts provable under the pleadings. It must be conceded that, if a person assumes to act as the agent for another, the principal will be bound by the agent's acts if authority was given, or if the principal subsequently

ratified an unauthorized act. We are unable to say whether there was any evidence that the husband acted as agent, or whether if he did so act, even without authority, his act was ratified by defendant. In either case there would be no error in refusing to give the instruction.

The final contention is that "the verdict and judgment in this case are of no force, for the reason that there is no finding in the verdict that the defendant Mary Lamb had a separate estate at the time the contract was entered into, or, if so, that any such was in existence at the time the verdict was rendered; nor does the judgment recite that the same is against the separate estate and property of the defendant Mary Lamb, or that she had a separate estate, either at the time the contract was entered into, or at the time the judgment was rendered; nor does it recite that execution should issue against the separate property of Mary Lamb for the satisfaction thereof." A number of cases are cited as supporting this contention; but we think they are not authority here when considered in the light of the statute of this state. In short, we do not think any of these elements are essential to be found in order to the validity of either the verdict or judgment. Had the defendant desired that the jury should pass on the questions suggested, the submission of special findings under the provisions of sections 292 and 293 of the code would probably have been in order. Instead of this, she submitted her case to the jury calling for a general verdict. The judgment is in accordance with the requirements of section 292 of the code, and that must be held sufficient.

We are unable to find any reversible error in the record before us. The judgment will therefore have to be affirmed, which is done.

AFFIRMED.