IN RE ESTATE OF MICHAEL P. ABTS.
JOHN W. LANGLEY ET AL., APPELLEES, V. EMMA E. ABTS, APPELLANT.

FILED MARCH 11, 1932. No. 28043.

*Garlow & Long,* for appellant.

*McElfresh & Walker, contra.*

Heard before Goss, C. J., Eberly and Paine, JJ., and Begley and Eldred, District Judges.

Eldred, District Judge.

This is a will contest. Emma E. Abts, proponent and appellant, filed in the county court of Platte county a petition for probate of an instrument purporting to be the last will and testament of Michael P. Abts, deceased. John W. Langley, Susan Stupfel, Isabel Stupfel, and Alois Patsch, contestants and appellees, filed objections to the probate of the will. From the decree of the county court admitting the will to probate appeal was taken to the district court. On trial of the issues of mental capacity and undue influence before a jury in the district court, verdict was returned in favor of contestants on January 21, 1931, and on the same day judgment was entered on verdict denying probate of will. June 2, 1931, motion for judgment *non obstante veredicto* and motion for new trial on the part of the proponent were severally overruled. Proponent appeals.

It is urged by the contestants that the purported bill

of exceptions on file cannot be considered by this court for the reason that it has never been authenticated by the certificate of the clerk of the trial court, as provided by section 20-1922, Comp. St. 1929. The transcript and purported bill of exceptions are in separate volumes. No certificate of the clerk of the district court is attached to the bill of exceptions. The certificate to the transcript is dated June 17, 1931, and contains the clause, "I further certify that the bill of exceptions attached hereto is the original bill of exceptions filed in this office." The transcript was filed in the office of the clerk of this court June 30, 1931. The purported bill of exceptions now of record here appears to have been settled by the trial judge July 25, 1931, and filed in the office of the clerk of the district court September 5, 1931. It thus appears that the bill of exceptions now on file in this court was not on file in the office of the clerk of the district court at the time the clerk's certificate attached to the transcript was made. The certificate attached to the transcript could not, therefore, be made to apply to the purported bill of exceptions.

"The rule is settled that this court will, on its own motion, refuse to consider a document appearing in the record and purporting to be a bill of exceptions, when not authenticated as such by the certificate of the clerk of the trial court." *State Bank v. Bradstreet,* 89 Neb. 186; *Union Stock Yards Nat. Bank v. Lamb,* 92 Neb. 608. See *Dugger v. Smith,* 94 Neb. 552.

The bill of exceptions not being authenticated by the certificate of the clerk of the district court, the objection of appellees to its consideration is well taken, and it must be disregarded.

The first assignment of error challenges the sufficiency of the evidence to sustain the verdict.

"Assignments of error that require an examination of the evidence are unavailing on appeal in absence of a bill of exceptions." *Anthony Doll & Co. v. Strien,* 121 Neb. 43.

Complaint is made of the statement of the court in instruction No. 2, as to names of parties contesting. On

examination we conclude that the statement complained of is in harmony with the record.

The jury by instruction No. 9 were instructed as follows:

"You are instructed that in determining whether or not the will of August 3, 1930, was the result of undue influence, you should take into consideration all of the circumstances surrounding its execution, including the closeness of association between the deceased and his wife, Emma E. Abts, at and prior to the execution of the will, the opportunity of the wife to exercise influence upon the deceased in the disposition of his property, the previous attitude of the deceased in the disposition of his property, and the weakened condition of the deceased at and immediately prior to such execution, as bearing upon the matters of susceptibility to suggestions and whether or not he was more likely to respond to suggestions and influence in the disposition of his property than if he were not in such weakened condition."

The clause, "including the closeness of association between the deceased and his wife, Emma E. Abts, at and prior to the execution of the will, the opportunity of the wife to exercise influence upon the deceased in the disposition of his property," is criticized. Does not this language too emphatically direct the attention of the jury to the natural social relationship between husband and wife, and have a tendency to impress upon them the idea that they were to consider this natural relationship between such parties and their close association as a more important factor in determining the question of undue influence than should be given it? Where the marriage relationship is of long standing, and the will not an unnatural one, ordinarily the conditions created by such relationship would have but very little value as a circumstance upon which to base a finding of undue influence, by wife upon husband, in securing execution of a will in her favor, and the singling out of such fact and specifically directing the jurors' attention to it would have a tendency to unduly stress its importance as evidence.

In the statement of facts in appellant's brief it is stated: "In 1890, Michael P. Abts and Emma E. Abts were married and lived together until his death, which occurred on the 4th day of August, 1930. At date of their marriage neither had any property. Each of them was very industrious and frugal and by their joint efforts and frugality had, at the time of his death, accumulated considerable property (the items being set out, aggregating about $25,000). They never had any children." This statement as to the facts, not being controverted by appellees, will, for the purposes of this appeal, be taken as correct. The will, under such circumstances, would not be an unnatural one; and the presumption of undue influence to be drawn from the confidential relationship of husband and wife, if any, would be very slight. *Boggs v. Boggs*, 62 Neb. 274. The giving of instruction No. 9, with clause criticized, was prejudicial to appellant.

At the request of the contestants the jury were instructed:

"You are instructed that, in determining the issues herein, you may take into consideration the fact that the law of this state provides that in case of the death of a married man, leaving a widow and no children, in the absence of a will, the widow inherits one-half of the estate left by her husband in addition to certain allowances and specific property, and that in case such husband left a will, the widow is entitled to elect to take such statutory share if she is not satisfied with the share given her by the will."

We fail to see how this instruction could act as a guide or assist the jury in determining either the question of mental capacity or undue influence submitted to them; or any other issue properly considered by the jury in arriving at their verdict. It constituted something of an invitation for the jury to substitute their own judgment for the will of the testator as to what would be a proper disposition of testator's property, in view of what the law would give the widow if no will was made. Yet, it fell

short of furnishing the necessary information for that purpose, as it only advised them of a part of the provisions made by law in case the deceased died intestate; stating, "in the absence of a will, the widow inherits one-half of the estate left by her husband in addition to certain allowances and specific property," but failed to tell the jury what the "certain allowances and specific property" might be; leaving the jury to speculate as to that. If it were proper to advise the jury as to the law of descent in a case of this character then they should be fully advised and nothing be left for speculation.

The further clause in the instruction that, "in case such husband left a will, the widow is entitled to elect to take such statutory share if she is not satisfied with the share given her by the will," is also open to criticism. The jury, not being advised of what the statutory share might consist, were left not only to speculate or presume as to that, but to weigh the provisions made for her by the will in controversy and the prior will, referred to and set forth in the objections of the contestants in the transcript, with the provisions made by law, so far as set out in the instructions, and then determine whether she should have been satisfied. It would seem clear that this instruction suggested the consideration by the jury of matters that were not an issue in the case.

Errors are also urged in other instructions given by the court and in the refusal to give instructions requested by appellants. We have considered these other assignments, but as an examination of the evidence would be necessary to determine the applicability of the instructions and the rulings of the court as to the abstract proposition of law appearing correct, the assignments are unavailing.

REVERSED AND REMANDED.