KATHRYN ESSEX, APPELLEE, V. BIRDIE BROWN: JESS HUTTEN, ADMINISTRATOR, APPELLANT.

297 N. W. 659

FILED APRIL 25, 1941. No. 31023.

436

*John Adams, Jr.,* and *Jess Hutten,* for appellant.

*Boyle & Boyle, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

This is an action in equity instituted originally by Kathryn Essex, plaintiff, against Birdie Brown, formerly Birdie Essex, defendant. Plaintiff alleged in her petition that for ten years she had lived and cohabited with one Charles Essex, and that during that period of time she accumulated money which was delivered to Charles Essex, who purchased with this money the south 20 feet of lot 12, block 80, original city of South Omaha, now Omaha, Douglas county, Nebraska, title to which, for convenience, was placed in the name of the defendant. The action was to set aside and cancel the deed to Birdie Essex, and to have decree placing title to this real estate in the plaintiff.

The defendant filed answer denying the allegations of the petition, and alleging that she was the owner of the real estate in question by reason of the aforementioned deed.

Jess Hutten, administrator of the estate of Charles Essex, deceased, filed a petition of intervention. This is the same Charles Essex with whom plaintiff alleged she had lived for 10 years. Before the commencement of this action Charles Essex had died, and Jess Hutten became administrator of his estate. In the petition of interven-

tion it was alleged that Charles Essex purchased the real estate in question for himself, with his own money, and that he had title placed in Birdie Essex, now Birdie Brown, for his own convenience. Intervener sought a decree declaring that the property belonged to the estate of Charles Essex, deceased, and that Charles Essex died owning the said property.

The case was tried to the court, and the court found in favor of plaintiff and against both the defendant and the intervener. As to the defendant, the court found that the real estate was purchased with moneys belonging to the plaintiff, and that Birdie Essex took title in trust for the plaintiff, Kathryn Essex. As to the intervener, the court found that Charles Essex, at the time of his death, had no right, title or interest in and to the property involved in the action. Decree was entered in pursuance of the findings.

From the decree the intervener has appealed. As grounds for reversal the intervener, appellant herein, has presented three assignments of error, each of which challenges the regularity of the admission of testimony. No other errors are assigned.

The plaintiff, appellee herein, challenges the right of the court to entertain and consider the errors assigned, on the ground that no proper bill of exceptions has been presented to this court, the purported bill of exceptions not having been authenticated by the clerk of the district court.

An examination discloses that the purported bill of exceptions does not bear on it the filing stamp of the clerk of the district court or any other evidence of filing, and further discloses that it has never been authenticated by the clerk. The only filing indicated is the filing with the clerk of this court.

By the terms of the statute, when an original bill of exceptions is used, as distinguished from a bill of exceptions copied in the transcript, a certification or authentication by the clerk is necessary. Comp. St. 1929, sec. 20-1922.

This court, in construing this section, has repeatedly

held that a bill of exceptions, not authenticated by the clerk of the district court, will be disregarded when the case comes here for review. We quote from a few of the decisions:

"If a bill of exceptions is not authenticated by the certificate of the clerk of the trial court, it will not be examined in the supreme court." *Hazelet v. Holt County*, 51 Neb. 724, 71 N. W. 719.

"A bill of exceptions will not be examined in this court if not authenticated by the certificate of the clerk of the trial district court." *Gay v. Reynolds*, 57 Neb. 194, 77 N. W. 661.

"The rule is settled that this court will, on its own motion, refuse to consider a document appearing in the record and purporting to be a bill of exceptions when not authenticated as such by the certificate of the clerk of the trial court." *State Bank v. Bradstreet*, 89 Neb. 186, 130 N. W. 1038; *Union Stock Yards Nat. Bank v. Lamb*, 92 Neb. 608, 139 N. W. 216; *In re Estate of Abts*, 122 Neb. 714, 241 N. W. 270.

The purported bill of exceptions in this case must be disregarded.

In this case, as has already been indicated, the only questions urged as grounds for reversal relate to admissibility of evidence. To determine the force of the arguments of appellant in this connection would necessitate examination of the evidence adduced in the trial court. This court has said: "Questions of fact will not be considered in this court if there is no bill of exceptions." *Gay v. Reynolds*, *supra*.

There being no errors assigned, except those requiring an examination of the evidence adduced on the trial, and the pleadings being sufficient to sustain the judgment, decree and judgment of the district court are affirmed.

AFFIRMED.