JOSEPHINE BEDNAR, APPELLANT, V. JOSEPH BEDNAR ET AL., APPELLEES.

21 N. W. 2d 438

FILED JANUARY 18, 1946. No. 32015.

*Hubka & Hubka* and *William Hein,* for appellant.

*Vasey & Mattoon* and *Rinaker, Hevelone & McCown,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

Josephine Bednar brought this action in the district court for Gage County to have a certain deed from Fred Bednar, now deceased, to Joseph Bednar, his son, declared to be void and of no force and effect. The deed was dated March 1, 1922, and acknowledged on March 10, 1922. It conveyed the southeast quarter of section 27, township 2 north, range 6, east of the 6th P. M., in Gage County, Nebraska. She made Joseph Bednar, the grantee named in said deed, and his wife, Helen Bednar, parties defendant.

The basis of the plaintiff's action is that the deed in question was not delivered to the grantee prior to May 7, 1923; that on May 7, 1923, she was united in marriage to Fred Bednar, the grantor, and they moved on the premises and occupied it as their home and that it became their homestead; that she did not join in the execution of the deed and that because thereof the deed is void. She further claims that from the circumstances surrounding the conveyance from Fred Bednar to his son, Joseph Bednar, it indicates there was a secret scheme on their part to defraud her of any rights she had in said premises.

Defendants filed their answer denying the fraud and claiming that the deed in suit was executed and delivered by Fred Bednar, then a widower, to Joseph Bednar, his son, sometime in March of 1922. The defendants also claim the property by adverse possession.

The court found that the deed had been executed and delivered prior to May 7, 1923; that no fraud had been committed in connection therewith; and dismissed the plaintiff's action. It is from this judgment that the plaintiff appeals.

The record discloses that the bill of exceptions has neither been settled by the trial judge nor filed with and certified to by the clerk of the district court.

While the appellee has not moved to quash the bill of ex-

ceptions, however, we have often stated the rule in this court to be: " 'The rule is settled that this court will, on its own motion, refuse to consider a document appearing in the record and purporting to be a bill of exceptions when not authenticated as such by the certificate of the clerk of the trial court.' State Bank v. Bradstreet, 89 Neb. 186, 130 N. W. 1038; Union Stock Yards Nat. Bank v. Lamb, 92 Neb. 608, 139 N. W. 216; In re Estate of Abts, 122 Neb. 714, 241 N. W. 270." Essex v. Brown, 139 Neb. 435, 297 N. W. 659. See, also, Palmer v. Mizner, 70 Neb. 200, 97 N. W. 334.

In Essex v. Brown, *supra*, we stated with reference to authentication by the clerk of the district court as follows: "An examination discloses that the purported bill of exceptions does not bear on it the filing stamp of the clerk of the district court or any other evidence of filing, and further discloses that it has never been authenticated by the clerk. The only filing indicated is the filing with the clerk of this court.

"By the terms of the statute, when an original bill of exceptions is used, as distinguished from a bill of exceptions copied in the transcript, a certification or authentication by the clerk is necessary. Comp. St. 1929, sec. 20-1922 (now Sec. 25-1922, R. S. 1943).

"This court, in construing this section, has repeatedly held that a bill of exceptions, not authenticated by the clerk of the district court, will be disregarded when the case comes here for review. We quote from a few of the decisions:

" 'If a bill of exceptions is not authenticated by the certificate of the clerk of the trial court, it will not be examined in the supreme court.' Hazelet v. Holt County, 51 Neb. 724, 71 N. W. 719.

" 'A bill of exceptions will not be examined in this court if not authenticated by the certificate of the clerk of the trial district court.' Gay v. Reynolds, 57 Neb. 194, 77 N. W. 661." See, also, Martin v. Fillmore County, 44 Neb. 719, 62 N. W. 863, and Duncan v. State, 75 Neb. 764, 106 N. W. 1014.

In Cross v. Prohaska, 103 Neb. 146, 170 N. W. 665, we stated: "What purports to be a bill of exceptions was filed in this court, but it was not allowed as such by the trial judge or authenticated by the clerk of the district court. It must therefore be disregarded on appeal. Dugger v. Smith, 94 Neb. 552; Gay v. Reynolds, 57 Neb. 194." And in Adkisson v. Gamble, 143 Neb. 417, 9 N. W. 2d 711, we stated: "Without compliance with the statute this court is unable to tell whether the testimony and exhibits before us were considered by the district court, or if they constitute all of the evidence that was before the district court. Authentication by the proper officials of the district court is necessary to insure that all the evidence, and only that which was before the district court, is before this court on appeal." See, also, Romberg v. Fokken, 47 Neb. 198, 66 N. W. 282, and Denise v. City of Omaha, 49 Neb. 750, 69 N. W. 119.

Therefore, the purported bill of exceptions in this case cannot be considered.

"The rule is that when a bill of exceptions has been quashed, no question will be considered, a determination of which necessarily involves an examination of the evidence adduced in the trial court. (Sweeney v. Ramge, 46 Neb. 919; Reed v. Rice, 48 Neb. 586; McKenna v. Dietrich, 48 Neb. 433; Wood v. Gerhold, 47 Neb. 397.)" Home Fire Ins. Co. v. Weed, 55 Neb. 146, 75 N. W. 539. And as stated in In re Estate of Abts, 122 Neb. 714, 241 N. W. 270: " 'Assignments of error that require an examination of the evidence are unavailing on appeal in absence of a bill of exceptions.' Anthony Doll & Co. v. Strien, 121 Neb. 43." And as stated in Occidental Bldg. & Loan Assn. v. Carlson, 134 Neb. 574, 279 N. W. 162: "Where on appeal in equity from a judgment of the district court the record contains no bill of exceptions and the pleadings are sufficient to support the judgment it will be affirmed. It is hardly necessary to cite authorities in support of this proposition. Late cases reiterating the rule are Slosburg v. Hunter, 132 Neb. 529, 272 N. W. 571, and State v. Barney, 133 Neb. 676, 276 N. W. 676."

There being no errors assigned, except those requiring an examination of the evidence adduced on the trial, and the pleadings being sufficient to sustain the judgment, the judgment of the district court must be affirmed.

AFFIRMED.