FRANK RATAY, APPELLEE, V. F. J. WYLIE ET AL., APPELLEES, MILES J. ELLIS, APPELLANT.

22 N. W. 2d 622

FILED APRIL 26, 1946. No. 32071.

*Fischer, Fischer & Fischer,* for appellant.

*Fitzgerald, Tesar & Welch,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

MESSMORE, J.

This is a compensation action to recover benefits under the workmen's compensation law for an injury due to an accident alleged to have been suffered by the plaintiff in the course of his employment. The case was heard before one of the judges of the Nebraska Workmen's Compensation Court, and the plaintiff's petition was dismissed. On rehearing in the Nebraska Workmen's Compensation Court judgment was rendered for the plaintiff and an award entered in his favor. On appeal to the district court the judgment and award of the Nebraska Workmen's Compensation Court on rehearing was affirmed. The defendant, Miles J. Ellis, appeals.

The record discloses that the alleged bill of exceptions was settled, allowed, and made a part of the record in the rehearing of the said cause in the Nebraska Workmen's Compensation Court, and contains a certificate of the clerk of the Nebraska Workmen's Compensation Court that it is

the original bill of exceptions filed in the office of the Nebraska Workmen's Compensation Court. The transcript of testimony taken on rehearing before the Nebraska Workmen's Compensation Court was filed with the Clerk of the Supreme Court.

The record further discloses that the purported bill of exceptions has never been submitted to the adverse party for correction or amendment, and there is nothing to be found in the record, as now lodged in the Supreme Court, indicating that this bill of exceptions was in fact ever submitted to the district court for its consideration at the time of the hearing before the district judge, or that the bill of exceptions was allowed by the district judge or by the clerk of the district court, or by agreement of the parties as the bill of exceptions before the district judge in the hearing conducted on the appeal to the district court.

While the appellee has not moved to quash the bill of exceptions, however, we have often stated the rule in this court to be: "The rule is settled that this court will, on its own motion, refuse to consider a document appearing in the record and purporting to be a bill of exceptions when not authenticated as such by the certificate of the clerk of the trial court." State Bank v. Bradstreet, 89 Neb. 186, 130 N. W. 1038. See, also, Union Stock Yards Nat. Bank v. Lamb, 92 Neb. 608, 139 N. W. 216; In re Estate of Abts, 122 Neb. 714, 241 N. W. 270; Essex v. Brown, 139 Neb. 435, 297 N. W. 659; Bednar v. Bednar, 146 Neb. 726, 21 N. W. 2d 438.

In considering this appeal, section 48-185, R. S. 1943, is controlling. It provides in part: "Any appeal from the judgment of the district court shall be prosecuted in accordance with the general laws of the state regulating appeals in actions at law except that such appeal shall be perfected within thirty days from the entry of judgment by the district court * * *."

The general law, section 25-1140, R. S. 1943, provides in part: "When the decision is not entered on the record or the grounds of objection do not sufficiently appear in the entry,

the party excepting must reduce his exceptions to writing within forty days from the adjournment sine die of the term of court at which judgment is rendered or at which the motion for a new trial is ruled on, and submit the same to the adverse party or his attorney of record for examination and amendment if desired. * * * Within ten days after such submission, the adverse party may propose amendments thereto and shall return said bill with his proposed amendments to the other party or his attorney of record. The bill and proposed amendments must, within ten days thereafter, be presented by the party seeking the settlement of the bill to the judge who heard or tried the case, upon five days' notice to the adverse party, or his attorney of record, at which time the judge shall settle the bill of exceptions. * * * When settled, the bill must be signed by the judge with his certificate to the effect that the same is allowed."

Except for the change as to the time in which the appeal shall be perfected, section 48-185, R. S. 1943, provides that the method of perfecting an appeal in a compensation case shall be in accordance with the general laws of the state regulating appeals in actions at law. See Fallis v. Vogel, 137 Neb. 598, 290 N. W. 461. Consequently, a bill of exceptions must be prepared, served, settled, and filed in accordance with the general statute on the subject. § 25-1140, R. S. 1943. This, appellant has failed to do. See Adkisson v. Gamble, 143 Neb. 417, 9 N. W. 2d 711. See, also, Romberg v. Fokken, 47 Neb. 198, 66 N. W. 282.

It is obvious that failure to comply with the statute places this court in a position of being unable to tell whether the testimony and exhibits before us were considered by the district court, or if they constitute all of the evidence that was before the district court. Authentication by the proper officials of the district court is necessary to insure that all the evidence, and only that which was before the district court, is before this court on appeal. We do not infer that it is necessary to recopy the evidence where it is to be heard de novo on the record, but it is necessary that

it be offered in evidence and again authenticated, served, and filed in the district court in order that this court may know that it is the complete record of the evidence, rulings and exceptions made in the district court. See Adkisson v. Gamble, *supra*. See, also, Romberg v. Fokken, *supra;* Denise v. City of Omaha, 49 Neb. 750, 69 N. W. 119.

The basis of the appeal is the claim that the court erred in holding the evidence sufficient to sustain a judgment for plaintiff. With the bill of exceptions quashed, it must be presumed that the evidence supports the findings of fact made by. the trial judge. The time having elapsed for preparing, serving, settling, and filing a proper bill of exceptions, the presumption that the record supports the findings of the trial court becomes conclusive. In the instant case the pleadings are sufficient to sustain the judgment, and under the circumstances, the judgment of the district court must be affirmed. See Bednar v. Bednar, *supra*.

Assignments of error that require an examination of the evidence are unavailing on appeal in absence of a bill of exceptions. See In re Estate of Abts, *supra*.

The rule is that when a bill of exceptions has been quashed, no question will be considered, a determination of which necessarily involves an examination of the evidence adduced in the trial court. See Bednar v. Bednar, *supra*, and cases cited therein.

There being no errors assigned except those requiring an examination of the evidence adduced on the trial, and the pleadings being sufficient to sustain the judgment, the judgment of the district court must be affirmed.

AFFIRMED.