RAYMOND G. WABEL, APPELLEE, v. JOHN ROSS, APPELLANT.

44 N. W. 2d 312

Filed October 18, 1950. No. 32812.

H. G. Wellensiek and Donald H. Weaver, for appellant.

Lloyd W. Kelly and W. G. Blackburn, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This suit was to recover the amount of the balance, claimed by appellee to be due and unpaid, of the purchase price of a motor vehicle service station sold by him to appellant.

The claim of appellee was that the equipment was sold by him to appellant for $1,350.00, and the stock or merchandise was sold for its wholesale cost; that an inventory thereof was made on that basis and the purchase price thereby fixed at $2,115.21; and that the amount of the purchase price unpaid was $1,524.11. The appellant admitted that he bought the service station from appellee for the consideration of $1,350.00 for the equipment, but he asserted the stock or merchandise was sold to him for the sum of $700.00 and that the whole of the purchase price had been paid by him to appellee. The dispute is whether the stock or merchandise of the service station was sold for the wholesale cost to be determined by an inventory thereof, or whether the stock or merchandise was sold by appellee to appellant for the fixed sum of $700.00, the whole of which had been paid.

The trial resulted in a finding and judgment against appellant. His motion for a new trial was denied and he has appealed.

The assignments of error that the findings and judgment are contrary to law and that the district court erred in admitting the inventory in evidence, or either of them, were not referred to in the motion of the appellant for a new trial, and they cannot be considered in this court on appeal. Alleged errors of the district court in an action at law not referred to in the motion for new trial will not be considered by this court. Schwank v. County of Platte, 152 Neb. 273, 40 N. W. 2d 863; Shipley v. McNeel, 149 Neb. 790, 32 N. W. 2d

639; Hickman-Williams Agency v. Haney, 152 Neb. 219, 40 N. W. 2d 813.

The assignments of error that the findings and judgment are not sustained by the evidence and that the district court erred in denying the motion of appellant for a new trial, or either of them, cannot be reviewed in this court except by an examination and consideration of the evidence received on the trial of the case.

There is no bill of exceptions. A transcript of the proceedings at the trial to constitute a bill of exceptions must be settled as provided by statute and "filed with the papers in the case" in the office of the clerk of the district court where the case was brought and prosecuted. § 25-1140.06, R. R. S. 1943. If it is desired to use the original bill of exceptions in this court, it is indispensable that it be authenticated by a certificate of the clerk of the district court. § 25-1922, R. R. S. 1943. It was many years ago determined, has since been frequently repeated, and quite recently reiterated that a bill of exceptions in a case tried in the district court must be authenticated by the certificate of the clerk of such court to entitle it to be considered in the Supreme Court. If a purported bill of exceptions has not been so authenticated, its contents will not be examined or considered by this court for any purpose. Martin v. Fillmore County, 44 Neb. 719, 62 N. W. 863; Romberg v. Fokken, 47 Neb. 198, 66 N. W. 282; Bednar v. Bednar, 146 Neb. 726, 21 N. W. 2d 438; Ratay v. Wylie, 147 Neb. 201, 22 N. W. 2d 622. The practice is firmly established and has been consistently adhered to that this court will on its own motion refuse to consider a document appearing in the record and purporting to be a bill of exceptions when not authenticated as such by the certificate of the clerk of the district court. Ratay v. Wylie, *supra;* Bednar v. Bednar, *supra*. In the absence of a bill of exceptions, no question will be considered, a determination of which requires an examination of the evidence produced in the trial court. It follows that any assign-

ment of error that requires an examination of evidence cannot prevail on appeal in the absence of a bill of exceptions. In re Estate of Abts, 122 Neb. 714, 241 N. W. 270; Bednar v. Bednar, *supra*.

A separate document purporting to be, and referred to in the briefs as a bill of exceptions, accompanies the transcript and briefs in this case. It has not been filed in this court, and there is no evidence that it has been filed in the district court or that the clerk of that court has certified that it is the original, settled, and allowed bill of exceptions in the case, or a copy thereof, as required by law. This pretended bill of exceptions must be wholly disregarded in the consideration and determination of this case.

In the absence of a bill of exceptions it is presumed that an issue of fact raised by the pleadings was sustained by the evidence and that it was correctly determined, and if the pleadings are sufficient to support the judgment of the district court it will be affirmed. State ex rel. Wright v. Barney, 133 Neb. 676, 276 N. W. 676; Bednar v. Bednar, *supra*. The pleadings in this case are sufficient to support the judgment.

The judgment of the district court should be, and is, affirmed.

AFFIRMED.