EDNA A. PALMER, APPELLANT, V. CAPITOL LIFE INSURANCE COMPANY, APPELLEE.

61 N. W. 2d 396

Filed December 11, 1953. No. 33407.

*Holtorf & Harris,* for appellant.

*Mothersead, Wright & Simmons,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Appellee issued to Great Western Sugar Company, herein identified as the company, a group life insurance policy for the benefit of certain of its employees during their period of employment. Lee Otto Palmer, herein designated as Palmer, was on and prior to April 14, 1952, one of the employees covered by the indemnity of the contract of insurance. He was given a certificate of insurance on his life under and subject to the terms and conditions of the group life insurance contract made by appellee with the employer in which appellant was designated as beneficiary. Her husband died. She brought this action to recover from appellee the amount of the certificate of insurance.

The cause of action alleged by appellant was: That on September 1, 1951, appellee issued to Palmer a certificate of insurance on his life under and subject to the terms of the group life policy made by it with the company in the sum of $2,915, and on that date an endorsement of that fact was made on the policy; that a copy of the certificate was made a part of the petition by the attachment of it to the pleading; "That on the 14th day of April, 1952, the insured, Lee Otto Palmer

was paid by Great Western Sugar Co., based upon his regular pay rate up to the 29th day of April, 1952 inclusive"; that he died on April 21, 1952; and that appellant was the beneficiary of the policy of insurance. The certificate contained provisions, as shown by the copy thereof made a part of the petition, that the insurance afforded the employee by the group life policy would continue until his employment by the employer terminated, and if the employment terminated the insurance should terminate at the same time without regard to the cause of termination of the employment.

The answer of appellee contained these matters: Admitted that appellee issued the certificate of insurance on the life of Palmer in the amount and manner substantially as claimed by appellant, and that she was named therein as beneficiary; alleged that the insured was on and prior to April 14, 1952, an employee of the company; that at the end of the shift on that date he left the employment of his employer voluntarily; that the insured was thereafter paid by the company all sums to which he was entitled by reason of his contract of employment; that he was paid and he accepted and retained the wages earned by him in the pay-roll period prior to April 14, 1952, less deductions required by law; that the insured was paid an additional amount by check, 80 times his hourly rate of pay, less lawful required deductions, which was earned by him before April 14, 1952, and became due to him upon the termination of his employment; that he accepted, endorsed, and retained the check until his death; that thereafter appellant endorsed and presented the check for payment, and she received and has retained the proceeds thereof; that from and after April 14, 1952, Palmer was not an employee of the company; that all matters between him and the company terminated with the payments aforesaid; that the relationship of employee and employer terminated on April 14, 1952; that Palmer thereafter died on April 21, 1952; that there was no insurance in force

on his life at the time of his death; that Palmer was not entitled to receive from the company any amount in addition to his regular wage rate during the preceding pay-roll period unless his employment was terminated; that he received and retained the amount as stated above; that he and appellant or either of them was not entitled to the check described above issued by the company to him or the proceeds thereof, unless his employment with it was terminated; and that by reason of its acceptance and its reduction to cash appellant was estopped to deny that the employment of her husband by the company terminated on April 14, 1952. Appellee denied the matters alleged in the petition not by it admitted by its answer to be true.

Appellant by reply admitted the payment of wages to Palmer as stated in the answer on April 16, 1952; admitted that he received on April 18, 1952, the check for 80 times his hourly rate of pay appellee claimed was issued by the company to him after April 14, 1952; that it was for vacation pay and paid him to and including April 29, 1952; and that during that period he was on vacation and was an employee of the company until the end of that period. The appellant denied the matters set forth in the answer which were not admissions of allegations of the petition.

Appellee made a motion for summary judgment as authorized by and in accordance with the Summary Judgment Act. §§ 25-1330 to 25-1336, R. S. Supp., 1951. The motion was heard by the court. An affidavit and deposition were offered and received in evidence. The court found that Palmer resigned his employment with the company on April 14, 1952, and his employment then terminated; that the termination of the employment terminated the group life insurance policy; that no issue of fact existed; and that defendant's motion for summary judgment should be sustained. The motion was sustained, a judgment of dismissal rendered, and the motion of appellant for new trial was denied.

The formal issue of fact made by the pleadings was whether Palmer was or was not an employee of the company at the time of his death on April 21, 1952. The fact in that regard was obviously a material one. The motion for a summary judgment challenged the existence of the issue as a real or genuine one. The provisions of the Summary Judgment Act important to this case are: "* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *" § 25-1332, R. S. Supp., 1951. The function and duty of the court in disposing of the motion were to determine not the issue of fact made by the pleadings but whether or not it was a genuine issue of fact. If it was not then the appellee was entitled to a judgment as a matter of law, and the motion was properly sustained and the litigation was legally terminated. In Dennis v. Berens, 156 Neb. 41, 54 N. W. 2d 259, it was determined: "A summary judgment is authorized only when the moving party is entitled to a judgment as a matter of law. If there is a genuine issue of fact to be determined, a summary judgment may not be properly entered. * * * The court examines the evidence on motion for summary judgment, not to decide any issue of fact presented, but to discover if any real issue of fact exists."

It required proof to determine that the issue made by the pleadings was only formal and was not real and genuine. The record shows that there was introduced and received in evidence on the hearing of the motion in the trial court an affidavit by the appellee and a deposition on the offer of it by appellant and by the appellee. The court found from the proof made that there was no genuine issue of fact; that Palmer, the employee and the insured, resigned his employment with the company on April 14, 1952; that his employment then terminated; that the termination of it ended

the group life insurance policy procured by the company from appellee on the life of Palmer; and that appellee was entitled to a judgment as a matter of law. The evidence presented to and considered by the trial court has not been preserved and submitted to this court in the manner which is indispensable to its consideration. There is no bill of exceptions. It was said in Wabel v. Ross, 153 Neb. 236, 44 N. W. 2d 312: "In the absence of a bill of exceptions, no question will be considered, a determination of which requires an examination of the evidence produced in the trial court. It follows that any assignment of error that requires an examination of evidence cannot prevail on appeal in the absence of a bill of exceptions. In re Estate of Abts, 122 Neb. 714, 241 N. W. 270; Bednar v. Bednar, *supra* (146 Neb. 726, 21 N. W. 2d 838)." In National Fire Ins. Co. v. Evertson, *ante* p. 540, 60 N. W. 2d 638, it was said: "In the absence of a bill of exceptions, it is presumed that an issue of fact raised by the pleadings was sustained by the evidence, and that it was correctly determined."

The consideration of evidence is indispensable to a decision that the specifications of error made by appellant have merit or that they lack substance except the charge that the judgment is contrary to law and that the trial court was wrong in its conclusion that the insurance policy on the life of Palmer was terminated by and at the time of the termination of his employment with the company. The motion for summary judgment presented the question that there was no genuine issue in the case. The judgment is sustained by pleading.

Appellant argues that the judgment is contrary to law, and that the holding of the district court that the insurance on the life of Palmer terminated when his employment with the company ended is without support in law. Appellant caused the record to show, and appellee agrees, that the policy of insurance, under which appellant claims, contained the provision that if the employment of the employee by the employer should ter-

minate "such insurance shall terminate at the same time"; and that the contract of insurance also had a conversion privilege which was in substance that if the employment terminated the employee should be entitled to have issued to him by appellee without further evidence of insurability a policy of life insurance, other than term insurance, on any of the forms usually issued by appellee, in an amount equal to his life insurance under the group life policy at the time his employment terminated, if he made application to appellee for it within 31 days after his employment ceased and if he paid to appellee within that period the premium at his then attained age applicable to the class of risk to which he belonged and the form and amount of such policy of life insurance for which he made application.

Specifically appellant asserts that Palmer was indemnified by the group life insurance policy while he was employed by appellee and for 31 days after his employment terminated, and consequently the life insurance, the subject of this litigation, was in force at the time of the death of the husband of the appellant. There are decisions of some courts which agree with this interpretation of a provision of this character in group life insurance policies. In some jurisdictions the doctrine has been adopted that in a suit against an insurance company the usual rules concerning the binding nature of undertakings are so far relaxed in favor of the insured and against the insurer that a gratuitous offer made by the latter not acted upon by the former binds the insurer. This is the minority view. The greater number of courts and the better reasoned cases have arrived at an opposite conclusion.

The contract of insurance states that the insurance shall cease to exist contemporaneously with and at the identical time when the employment terminates. The authorities generally agree that this is a valid condition. Bradley v. Prudential Ins. Co. of America, 70 F. 2d 988. This is simply a method of designating an event that de-

termines the end of the term of the insurance. The conversion privilege clause or as it is sometimes styled, the privilege of continuance clause, does not concern or affect the former employer of the insured. It is in all events unimportant and incapable of being accepted or made effective until after the relationship of employer and employee has wholly terminated. It is only a gratuitous offer of the insurance company to the former employee and is wholly without significance until its conditions are complied with by the former employee within the period limited by the offer. This provision did not automatically extend the policy in effect for 31 days after the termination of the employment. It was merely a privilege of conversion given to the insured and for him to have any advantage of the clause it was necessary for him to select the form policy he desired, make application for it, and pay the premium on the policy in advance. The conversion privilege given by the policy held by the company is wholly unimportant to this case because nothing was done by Palmer to comply with and make it effective within the time limited by its terms.

In Duval v. Metropolitan Life Ins. Co., 82 N. H. 543, 136 A. 400, 50 A. L. R. 1276, the court said: "A certificate issued to an employee under such group insurance plan and stating that he is insured 'while the employee is in the employ of the employer' and further setting forth a 'privilege of continuance,' stating therein that 'in the event of the termination of the employment for any reason . . . the employee shall be entitled to have issued to him by' the insurer 'without further evidence of insurability and upon application made . . . within thirty-one days after such termination and upon the payment of the premium . . . a policy of life insurance,' etc., does not keep the original insurance in force for such thirty-one days without any action taken by the assured, but merely offers him a privilege of procuring insurance without medical examination." See, also, Szymanski v. John Hancock Mutual Life Ins. Co., 304 Mich. 483, 8

N. W. 2d 146, 145 A. L. R. 947; Aetna Life Ins. Co. v. Catchings, 75 F. 2d 628; Aetna Life Ins. Co. v. Carroll, 188 Ark. 154, 65 S. W. 2d 25; Schooley v. Metropolitan Life Ins. Co. (Tex. Civ. App.), 77 S. W. 2d 886; Missouri State Life Ins. Co. v. Hinkle, 18 Tenn. App. 228, 74 S. W. 2d 1082; Cutledge v. Aetna Life Ins. Co., 53 Ga. App. 473, 186 S. E. 208; Annotations, 63 A. L. R. 1037, 85 A. L. R. 1472, 145 A. L. R. 951; 29 Am. Jur., Insurance, § 1378, p. 1031.

The judgment of the district court should be and it is affirmed.

AFFIRMED.