GEORGE L. MUELLER, ADMINISTRATOR OF THE ESTATE OF GAYLYN FAE MUELLER, DECEASED, APPELLANT, v. H. P. SHACKLETT, ADMINISTRATOR OF THE ESTATE OF RAY H. SHACKLETT, DECEASED, APPELLEE.

58 N. W. 2d 344

Filed May 8, 1953. No. 33337.

*John W. Blezek* and *Free & Free,* for appellant.

*Deutsch & Jewell,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

On November 28, 1951, plaintiff George L. Mueller,

administrator of the estate of Gaylyn Fae Mueller, deceased, brought this action against defendant H. P. Shacklett, administrator of the estate of Ray H. Shacklett, deceased, to recover damages for the death of plaintiff's son, Gaylyn Fae Mueller, in an automobile accident alleged to have been proximately caused by the negligence of Ray H. Shacklett during his lifetime.

Defendant's motion to dismiss said cause of action for want of original jurisdiction of such a claim or demand against the estate of a deceased person, and defendant's demurrer to plaintiff's petition upon like grounds, were both overruled. Thereafter, defendant answered, denying generally, preserving his contentions as aforesaid with reference to, jurisdiction, and praying for dismissal. Plaintiff's motion to strike such allegations was thereafter overruled and defendant subsequently filed request for admissions in accord with the provisions of section 25-1267.41, R. S. Supp., 1951. Such requests for admissions, insofar as important here, were: (1) That Ray H. Shacklett died August 12, 1951; (2) that plaintiff's son died on the same date but survived Ray H. Shacklett; (3) that on October 17, 1951, a petition for appointment of an administrator upon the estate of Ray H. Shacklett, deceased, was duly filed in the county court of Pierce County, Nebraska; (4) that order for hearing upon such petition was duly made by said court on October 17, 1951; (5) that notice of such hearing was duly given by publication; (6) that November 10, 1951, was fixed in such order for hearing and notice as the date of hearing upon said petition; (7) that on November 10, 1951, H. P. Shacklett was duly and regularly appointed administrator of the estate of said Ray H. Shacklett, deceased; (8) that he thereafter qualified as such administrator; (9) that letters of administration were issued out of said court to H. P. Shacklett on November 13, 1951; "10. That on November 13, 1951 said court duly and regularly entered its order on claims, fixing March 17, 1952 as the last day for filing claims

against said estate. 11. That notice to creditors was thereafter duly and regularly published in accordance with said order. * * * 18. That said plaintiff has never filed a claim of any kind, either contingent or otherwise, in the County Court of Pierce County, Nebraska against the estate of said Ray H. Shacklett, deceased. * * *."

Thereafter plaintiff answered defendant's request, admitting paragraphs 1 to 9 inclusive thereof, but objecting and refusing to either admit or deny paragraphs 10, 11, and 18 among others, for the alleged reason that they were incompetent and irrelevant to the issues in the case and for the further reason that the court theretofore, by ruling upon defendant's motion to dismiss and demurrer, had established the law of the case, which precluded defendant's request. After hearing upon the issues made by defendant's request and plaintiff's objections, the trial court appropriately ordered plaintiff to admit or deny under oath each and every provision of defendant's request for admissions within 10 days, or the facts therein listed should stand admitted. With that order plaintiff failed and refused to comply.

Thereafter defendant moved for summary judgment in accord with sections 25-1330 to 25-1336, inclusive, R. S. Supp., 1951, for the reason that the pleadings, together with defendant's request for admissions and plaintiff's response or failure to respond thereto, demonstrated that the court had no original jurisdiction of the cause. After hearing thereon, whereat sufficient competent and relevant evidence was adduced by defendant. the trial court entered judgment sustaining defendant's motion for summary judgment, dismissing plaintiff's action for want of original jurisdiction of the subject matter, and taxing costs to plaintiff. Plaintiff's motion for new trial was overruled, and he appealed to this court, assigning that the trial court erred in concluding that it had no jurisdiction in sustaining defendant's motion for summary judgment, and in dismissing plaintiff's action.

Under the circumstances presented, the sole issue, as

we view it, is whether or not the trial court had original jurisdiction. We conclude that it did not, and that the judgment of the trial court was proper in every respect. In that connection plaintiff cites Comstock v. Matthews, 55 Minn. 111, 56 N. W. 583, to sustain his contention. An examination of the opinion in such case discloses that it is entirely distinguishable from that at bar upon the basis of a statute which authorized presentation to the probate court of only claims arising upon contract as distinguished from tort. On the other hand, our statutes make no such distinction. In that regard, section 24-503, R. R. S. 1943, provides in part: "The county court shall have exclusive jurisdiction of the probate of wills, the administration of estates of deceased persons, * * *." Section 24-504, R. R. S. 1943, provides in part: "The county court shall have power (1) to hear and determine claims and set-offs in the matter of estates of deceased persons; * * *." Section 30-601, R. R. S. 1943, provides in part: "When letters testamentary or of administration, or of special administration shall be granted by any court of probate, or during any appeal from such order, it shall be the duty of the judge of the court to receive, examine, adjust and allow all lawful claims and demands of all persons against the deceased; * * *." And section 30-801, R. R. S. 1943, provides in part: "No action shall be commenced against the executor or administrator except actions to recover the possession of real or personal property, and actions for relief other than for the recovery of money only, and such actions as are permitted in sections 30-704, 30-705, 30-706 and 30-714; * * *."

In that connection, the cited sections contained in section 30-801, R. R. S. 1943, deal with contingent claims. However, the claim at bar is not included in that class.

Contrary to plaintiff's contention, every issue raised in the case at bar was settled in Rehn v. Bingaman, 151 Neb. 196, 36 N. W. 2d 856, wherein this court held:

"Where exclusive jurisdiction of a subject matter is constitutionally conferred on county courts, and where relief sought in an action pertaining thereto but instituted in a district court is such that the county court, under powers so conferred, is authorized to grant it, the district court will be deemed to have no original jurisdiction in the premises.

"The word 'claim' includes every species of liability which an executor or an administrator of an estate can be called upon to pay, or provide for payment, out of the general fund of the estate.

"A contingent claim against an estate is one where the liability depends upon some future event or contingency which may or may not ever occur, and which therefore makes it wholly uncertain whether or not there ever will be a liability. Such contingency does not relate simply to the amount which may be recovered but to the uncertainty of whether or not the future event will ever occur to thereby effect a right of action or liability.

"Liability upon an unliquidated claim for damages arising out of a tort does not depend for its creation upon the occurrence of some uncertain event in the future, and is not a contingent claim, since of necessity such a claim must be based upon the theory that the event, the tort giving rise to liability, has already occurred, and that a cause of action has already accrued and is in existence.

"A cause of action for personal injuries alleged to have been proximately caused by negligence of a decedent during his lifetime survives, and when no action was brought thereon during his lifetime, it must be prosecuted by a claim filed against the estate of decedent in the county court which has exclusive original jurisdiction thereof."

Such opinion cites numerous cases sustaining the aforesaid conclusions, and was cited with approval as late as Flessner v. Wenquist, *ante* p. 378, 56 N. W. 2d 294.

Section 25-1267.41, R. S. Supp., 1951, is identical with Rule 36 of the Federal Rules of Civil Procedure. Its provisions are not merely directory, but substantial compliance therewith is required. However, they are not self-executing, and the party claiming admissions for failure to deny must prove service of a proper request in compliance therewith and failure to appropriately respond thereto. In that connection, the applicable rule here is that where a party properly serves a request for admissions of relevant matters of fact or the genuineness of relevant documents, and all objections thereto are heard and appropriately denied by the court, and the other party has been ordered to respond thereto, his failure to do so within the time alloted constitutes an admission of the facts sought to be elicited. In such situation a motion for summary judgment is appropriate and may be granted if admissions made or failure to deny as required by the statute, together with the pleadings, show that there is no genuine issue as to any material fact or that the court is without jurisdiction of the subject matter. See, 2 Barron and Holtzoff, Federal Practice and Procedure, ch. 9, p. 534, and 4 Moore's Federal Practice (2d ed.), ch. 36, p. 2701, in both of which texts numerous supporting cases are cited. See, also, Mecham v. Colby, *ante* p. 386, 56 N. W. 2d 299; § 25-1332, R. S. Supp., 1951.

For the reasons heretofore stated, we conclude that the judgment should be and hereby is affirmed.

AFFIRMED.