EVERETT P. SAWYER, APPELLANT, v. JOHN A. KUNKEL, APPELLEE.

88 N. W. 2d 906

Filed March 28, 1958. No. 34286.

*Halligan & Mullikin* and *Baskins & Baskins,* for appellant.

*Beatty, Clarke, Murphy & Morgan, Donald W. Peder-son,* and *Frank E. Piccolo, Jr.,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiff sued to recover damages for injuries sustained in an automobile accident which occurred at a street intersection in North Platte, Nebraska. At the close of plaintiff's evidence the trial court sustained a motion for a directed verdict and dismissed the action. The plaintiff has appealed.

We are required to take notice of the fact that there is no proper bill of exceptions filed in this case. The record shows that the plaintiff failed to have the bill of exceptions authenticated by a certificate of the clerk of the district court, as required by section 25-1922, R. R. S. 1943, and filed in the office of the clerk of the district court, as required by section 25-1140.06, R. R. S. 1943. In Wabel v. Ross, 153 Neb. 236, 44 N. W. 2d 312, this court said: "A transcript of the proceedings at the trial to constitute a bill of exceptions must be settled as provided by statute and 'filed with the papers in the case' in the office of the clerk of the district court where the case was brought and prosecuted. § 25-1140.06, R. R. S. 1943. If it is desired to use the original bill of exceptions in this court, it is indispensable that it be authenticated by a certificate of the clerk of the district court. § 25-1922, R. R. S. 1943. It was many years ago determined, has since been frequently repeated, and quite recently reiterated that a bill of exceptions in a case tried in the district court must be authenticated by the certificate of the clerk of such court to entitle it to be considered in the Supreme Court. If a purported bill of exceptions has not been so authenticated, its contents will not be examined or considered by this court for any purpose. Martin v. Fillmore County, 44 Neb. 719, 62 N. W. 863; Romberg v. Fokken,

47 Neb. 198, 66 N. W. 282; Bednar v. Bednar, 146 Neb. 726, 21 N. W. 2d 438; Ratay v. Wylie, 147 Neb. 201, 22 N. W. 2d 622."

The record shows further that the plaintiff failed to file the purported bill of exceptions in this court prior to the submission of the case, in accordance with Rule 7d, Rules of Practice in the Supreme Court, which provides: "The bill of exceptions must be filed in the district court and certified by the clerk of such court, and when so filed and certified, may be filed in this court at any time prior to the submission of the case." The meaning of this rule is that a bill of exceptions must be filed in this court on or before the time of the submission of the case and it may be filed at any time prior to such submission. A bill of exceptions is a record of the district court. It is fundamental that this court cannot consider any record of the district court on appeal that is not filed in this court within the time provided, or, in a proper case for good cause shown, within the time permitted by order of this court.

The practice is firmly established in this state, and consistently adhered to, that this court will on its own motion refuse to consider a document purporting to be a bill of exceptions which has not been authenticated and filed in accordance with applicable statutes and the rules of this court. Wabel v. Ross, *supra;* Neighbors & Danielson v. West Nebraska Methodist Hospital, 162 Neb. 33, 74 N. W. 2d 854; Bryant v. Greene, 163 Neb. 497, 80 N. W. 2d 137. We are required to hold that there is no bill of exceptions before us which can be considered on this appeal for any purpose.

In the absence of a bill of exceptions the only question remaining is whether or not the pleadings support the judgment. Wabel v. Ross, *supra.* It will be presumed in such a case that the issues of fact raised by the pleadings were sustained by the evidence and that they were correctly determined. The pleadings in this case

are sufficient to support the judgment and the judgment of the district court is affirmed.

AFFIRMED.