MAE OAK, APPELLANT, v. GENEVA GRIGGS ET AL., APPELLEES.

92 N. W. 2d 551

Filed October 24, 1958. No. 34422.

*Max Marshall,* for appellant.

*Kenneth M. Olds,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The liability for the indebtedness represented by the judgment of appellant, which is the basis of this action, accrued and was owing by Harold Griggs in his lifetime to appellant and it existed at the time of the death of Harold Griggs. The judgment therefor was rendered in favor of appellant in accordance with the direction of this court made in the determination of prior litigation originated by Harold Griggs against appellant. Griggs v. Oak, 164 Neb. 296, 82 N. W. 2d 410.

Appellant in the pending action seeks a judgment in the amount of the original judgment rendered in her favor in the prior litigation against Geneva Griggs as administratrix of the estate of Harold Griggs, deceased, because, as appellant alleges, Geneva Griggs as administratrix of the estate of Harold Griggs, deceased, collected indebtedness owing to and which was an asset of the estate of the deceased, retained it, and made no accounting therefor in the proceedings had for the administration of the estate of the deceased. The judgment sought by appellant against Fidelity and Deposit Company of Maryland is because it was the surety on the bond of Geneva Griggs as administratrix of the estate of Harold Griggs, deceased.

A motion for a summary judgment was made by each of the appellees. The basis therefor was, in substance, that the subject matter of the action was a probate

matter exclusively within the jurisdiction of the county court of Dixon County in which the estate of the deceased was administered; that the district court was without jurisdiction to hear the matters pleaded in the petition of appellant; that the matters in the action were within the exclusive, original jurisdiction of and they had been finally adjudicated in and by the county court of Dixon County in the proceedings had for the administration of the estate of Harold Griggs, deceased; that the determination made by the county court was res judicata of all matters pleaded by the petition of appellant in this case; that appellant did not file a claim against the estate of Harold Griggs, deceased, in reference to the indebtedness pleaded by the petition in the pending case within the time designated by the order of the county court of Dixon County for the filing of claims against the estate of the deceased; and that any claim appellant had was barred. The Fidelity and Deposit Company of Maryland also asserted by its motion that it was only bound secondarily on the bond furnished by it for the administratrix of the estate of the deceased for any liability of the administratrix and that there had been no determination by said county court that she was liable in any amount to the estate of the deceased.

The district court found that the claim made by appellant in this case was a probate matter of which the county court of Dixon County had original and exclusive jurisdiction; that the district court was without jurisdiction to consider the matters alleged in the petition of appellant; that appellant had not established any claim against the estate of Harold Griggs, deceased; and that appellant made no objection to the final report and account of the administratrix in the county court. The district court sustained each of the motions for a summary judgment and rendered a judgment of dismissal of the cause. This appeal challenges the correctness of the action of the trial court.

The document purporting to be a bill of exceptions furnished in this cause fails to show it was served on appellees, returned by them, or presented by appellant to the judge who tried the case for settlement and allowance, as the law requires. Neighbors & Danielson v. West Nebraska Methodist Hospital, 162 Neb. 33, 74 N. W. 2d 854, declares: "The design of the statute is to allow a fixed time within which a bill of exceptions must be reduced to writing, served on the adverse party, returned, and submitted to the trial judge for settlement and allowance. The trial judge is without authority to allow a bill of exceptions not prepared in the manner and within the times fixed. Any attempt to allow a bill of exceptions not prepared in compliance with statutory authority is of no force and effect, and the lack of authority cannot be waived. The bill of exceptions must be prepared, served, returned, settled, and allowed in accordance with the statute. Its terms are mandatory." See, also, Benedict v. State, 166 Neb. 295, 89 N. W. 2d 82; Sawyer v. Kunkel, 166 Neb. 303, 88 N. W. 2d 906. In the absence of a bill of exceptions, no question may be considered on this appeal, a determination of which requires an examination of evidence produced at the trial. It will be presumed that any issues of fact presented by the pleadings necessary to justify the judgment were sustained by the evidence and that they were correctly decided. Combes v. Anderson, 164 Neb. 131, 81 N. W. 2d 899.

The judgment of dismissal of the case was correct because the cause of action attempted to be alleged by appellant involved a subject matter of which the district court did not have and could not obtain original jurisdiction. The exclusive, original jurisdiction of the subject matter asserted in the petition of appellant was in the county court of Dixon County in which the estate of Harold Griggs, deceased, was administered. The petition on its face shows that if all the material allegations thereof are true, appellant only had a claim against the

estate of the deceased and the right to appear and object to and contest the legality of the acts of the administratrix, her reports, and her final accounting. Appellant filed no claim, made no objections, and offered no contest therein.

Appellant was a creditor of the estate of the deceased. The county court only has authority in the first instance to consider and adjudicate a claim against the estate of a decedent. A claim in this respect means every species of liability which the representative of an estate may be required to pay from the general assets of the estate. Mueller v. Shacklett, 156 Neb. 881, 58 N. W. 2d 344. Appellant was a party to the administration proceedings of the estate of the deceased and was bound by the acts of the county court which had jurisdiction of the administration proceedings of the estate of Harold Griggs, deceased. The proceedings were in rem and every person interested therein, either as heir, creditor, or otherwise, was a party thereto without regard to whether or not he was named or appeared therein or was absent therefrom. Minahan v. Waldo, 161 Neb. 78, 71 N. W. 2d 723; Clutter v. Merrick, 162 Neb. 825, 77 N. W. 2d 572.

There is no issue concerning the regularity, scope, or effectiveness of the administration proceedings of the estate. Mueller v. Shacklett, *supra,* states: "Where exclusive jurisdiction of a subject matter is constitutionally conferred on county courts, and where relief sought in an action pertaining thereto but instituted in a district court is such that the county court, under powers so conferred, is authorized to grant it, the district court will be deemed to have no original jurisdiction in the premises." See, also, Flessner v. Wenquist, 156 Neb. 378, 56 N. W. 2d 294.

Section 30-801, R. R. S. 1943, contains this limitation: "No action shall be commenced against the executor or administrator except actions to recover the possession of real or personal property, and actions for relief

other than for the recovery of money only, and such actions as are permitted in sections 30-704, 30-705, 30-706 and 30-714 * * *." The sections cited in the quotation relate to contingent claims and have no application to this case. The district court had no jurisdiction of the subject matter of the pending case. This was obvious from the face of the petition. A summary disposition of the case was proper. Mueller v. Shacklett, *supra*.

The judgment should be and it is affirmed.

AFFIRMED.