■ Samuel N. Seidman, Respondent, v Dean Witter & Co., Incorporated, Defendant, and Dean Witter Reynolds, Inc., Appellant.—Order, Supreme Court, New York County, entered January 9, 1979, denying defendant's motion to dismiss the complaint on the ground that it was barred by the Statute of Frauds, unanimously affirmed, with costs and disbursements. Plaintiff, an investment banker, sues to determine his rights under an alleged agreement whereby defendant was to pay him 20%, up to a maximum of $200,000, of the net management fees which it would receive from a group of corporations known as the Posner Companies for providing investment banking services. It is conceded that plaintiff introduced defendant to the principals of these companies and that defendant received a minimum fee of $250,000. Although Special Term correctly denied the motion to dismiss the complaint, it improperly found that the alleged contract sued upon is not covered by section 5-701 (subd a, par 10) of the General Obligations Law. The relationship between plaintiff and defendant was finder and principal. Thus, *Dura v Walker, Hart & Co.* (27 NY2d 346), relied upon by Special Term, is inapplicable, since it involved a claim by one finder seeking a portion of a fee from another, a situation that the Court of Appeals found to be outside the purview of the Statute of Frauds. We find, however, that there are writings, one of which is subscribed by defendant, which, when taken together, encompass the material terms of the agreement and are sufficient to satisfy the statute. (See *Crabtree v Elizabeth Arden Sales Corp.,* 305 NY 48.) It is argued that defendant's signature does not appear at the end of the preliminary prospectus, the writing relied upon by plaintiff as containing the subscription. We are not unaware of the rule in New York that where the statute requires a subscription, as here, as opposed to a signature, the subscription must appear at the end of the writing or memorandum. (See *Steinberg v Universal Machinenfabrik GMBH,* 24 AD2d 886, 887, affd 18 NY2d 943.) The purpose of such a requirement is to prevent fraud through additions to a writing subsequent to its execution. The prospectus, listing defendant as the dealer manager of the exchange offer, was prepared with the assistance of defendant's counsel and is free of subsequent additions. Moreover, it was filed with the Securities and Exchange Commission pursuant to that agency's regulations for the receipt of preliminary prospectuses to insure disclosure to the public of all relevant information in exchange offers. Concur—Kupferman, J. P., Birns, Sullivan and Ross, JJ.