FIRST MID AMERICA INC., A CORPORATION, AND KIRKPATRICK-PETTIS SMITH POLIAN INC., A CORPORATION, APPELLANTS, V. MCI COMMUNICATIONS CORPORATION, A CORPORATION, APPELLEE.

321 N.W.2d 424

Filed July 2, 1982. No. 43957.

Alan E. Peterson of Cline, Williams, Wright, Johnson & Oldfather, for appellants.

Murray Ogborn and Robert L. Bals of Nelson & Harding, for appellee.

Heard before BOSLAUGH, McCOWN, and CLINTON, JJ., and HAMILTON and CASE, D. JJ.

CASE, D.J.

This action is based on an alleged oral contract entered into in New York State by two investment banking-brokerage firms, First Mid America Inc. (FMA), and Kirkpatrick-Pettis Smith Polian Inc. (KPSP), both based in Nebraska. FMA and KPSP claimed that they were due the sum of $150,000 as a finder's fee for assisting the appellee, MCI Communications Corporation (MCI), in acquiring control over a Nebraska communications service company called N-Triple-C Inc. (NCCC).

MCI was a specialized common carrier operating a network providing voice, data facsimile, and teleprinter services to, among others, New York, Newark, Philadelphia, Pittsburgh, Cleveland, Detroit, Toledo, South Bend, Chicago, and St. Louis. NCCC was a common carrier microwave network in the central United States providing communications services to, among others, Chicago, Des Moines,

Davenport, Omaha, Lincoln, Kansas City, Dallas, Tulsa, and Oklahoma City.

The District Court granted MCI's motion for summary judgment, based on the New York statute of frauds.

The parties are in agreement that the validity of a contract is to be determined by the lex loci contractus unless there is something in the contract which is prohibited by express statute or infringes on some positive rule of public policy. See *Jorgensen v. Crandell*, 134 Neb. 33, 277 N.W. 785 (1938). Finding no such prohibition, we examine this case on the basis of the New York statute of frauds.

The New York statute of frauds, 23A N.Y. Gen. Oblig. Law § 5-701 (McKinney 1978), provides in pertinent part: "a. Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking: . . . 10. Is a contract to pay compensation for services rendered in negotiating a loan, or in negotiating the purchase, sale, exchange, renting or leasing of any real estate or interest therein, or of a business opportunity, business, its good will, inventory, fixtures or an interest therein, including a majority of the voting stock interest in a corporation and including the creating of a partnership interest. 'Negotiating' includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction. This provision shall apply to a contract implied in fact or in law to pay reasonable compensation but shall not apply to a contract to pay compensation to an auctioneer, an attorney at law, or a duly licensed real estate broker or real estate salesman."

The evidence, as disclosed by the depositions and affidavits offered in connection with the motion for summary judgment, is insufficient as a matter of

law to satisfy the requirements of the New York statute of frauds.

Appellants argue that if several documents prepared by MCI are considered together, aided by parol evidence from appellants, the requirements of the New York statute of frauds are satisfied. We think not.

The sufficiency of a memorandum to satisfy the statute of frauds has been interpreted many times in the New York courts. In *Ginsberg Machine Co. v. J. & H. Label Processing Corp.*, 341 F.2d 825 (2nd Cir. 1965), the court, in an interpretation of what type of note or memorandum was sufficient to satisfy the statute, stated that it must, on its face and without the addition of parol evidence, contain the essential terms of the agreement. The court described the agreement in that case as vague, indefinite, and incomplete, and that the void was too great as to the omissions.

The appellants here cite a group of cases which they argue support their claim that the requirement that all material and essential terms must be set out in writing be relaxed. In each of the cited cases, the defendant had acknowledged in writing that the plaintiff had in fact performed the obligation, and each is distinguishable from the factual situation here. Because performance was acknowledged in the cases cited, it is understandable the rule would be relaxed requiring that all material and essential terms be set out in writing and acknowledged by the party to be charged. There is no acknowledgment of performance in the present case.

In *Crabtree v. Elizabeth Arden Sales Corp.*, 305 N.Y. 48, 110 N.E.2d 551 (1953), the court held the requirement of a writing could be satisfied by a collection of written memoranda which must contain all the essential terms of the oral agreement. One of these writings must be signed by the party to be charged.

The *Crabtree* case further stated the use of parol evidence is limited to the purpose of connecting the written memoranda and showing the party to be charged had assented to the unsigned documents. Here the parol evidence is being used to set out the essential terms of the oral agreement, which we believe to be contrary to the holdings in the *Crabtree* case.

The appellants rely strongly on the more recent case of *Seidman v. Dean Witter & Co.,* 70 A.D.2d 845, 418 N.Y.S.2d 6 (1979). We note in that case the following language at 845, 418 N.Y.S.2d at 7-8: "We find, however, that there are writings, one of which is subscribed by defendant, which, when taken together, encompass the material terms of the agreement and are sufficient to satisfy the statute," citing the *Crabtree* case as authority.

In our examination of the written documents, we fail to find that the writings satisfied the requirement that the documents, when taken together, shall encompass the material terms of the agreement. Rather, the material terms of the agreement here are supplied by the parol evidence and are therefore insufficient to satisfy the requirements of the statute of frauds. Judgment shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Neb. Rev. Stat. § 25-1332 (Reissue 1979).

Where, as here, no genuine material issue of fact exists and MCI is entitled to judgment as a matter of law, the judgment granting summary judgment to the appellee in the District Court was correct. See *Mueller v. Shacklett,* 156 Neb. 881, 58 N.W.2d 344 (1953). The judgment is affirmed.

AFFIRMED.