■ BENJAMIN RICHMAN et al., Appellants, v FEDERATED ADJUSTMENT COMPANY, Respondent. — In an action to recover damages for breach of contract, plaintiffs appeal from an order of the Supreme Court, Nassau County (Lockman, J.), entered October 6, 1982, which (1) granted the defendant's motion for summary judgment dismissing the complaint on the ground that the action was barred by the Statute of Frauds (General Obligations Law, § 5-701, subd a, par 10) and (2) denied their cross motion for an order striking the affirmative defense of the Statute of Frauds from the defendant's answer. Order reversed, on the law, with costs, motion denied and cross motion granted. In our view,

the underlying agreement between the defendant (a public adjuster) and the plaintiffs (licensed insurance brokers) to pay the latter a 50% "referral fee" on all sums earned by the defendant in the adjustment of insurance losses referred to it by the plaintiffs (see 11 NYCRR 25.3 [b] [2]) is not "a contract to pay compensation for services rendered in negotiating * * * a business opportunity" for a principal within the intendment of section 5-701 (subd a, par 10) of the General Obligations Law (see 1949 Report of NY Law Rev Comm, p 615 *et seq.;* cf. *Freedman v Chemical Constr. Corp.,* 43 NY2d 260; *Seidman v Witter & Co.,* 70 AD2d 845; Insurance Law, § 129, subd 1). Rather, this "fee-splitting" agreement appears to envision a relationship more closely akin to that of a joint venture, where individuals pool their respective efforts to effect a result and share in the benefits. Such an agreement need not be reduced to writing (cf. *Haskins v Loeb Rhoades & Co.,* 52 NY2d 523; *Dura v Walker, Hart & Co.,* 27 NY2d 346, 350). Since the alleged agreement does not fall within the ambit of section 5-701 of the General Obligations Law, it was error for Special Term to dismiss the complaint on the ground that the agreement was not embodied in a writing. Lazer, J. P., Mangano, Thompson and Gulotta, JJ., concur.